[S. F. No. 185.   Department Two.—May 22, 1896.]

IN RE ESTATE OF THOMAS H. BLYTHE, DECEASED. THE BLYTHE COMPANY, APPELLANT, *v.* FLORENCE BLYTHE HINCKLEY ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—DETERMINATION OF HEIRSHIP — RES JUDICATA—DISTRIBUTION.—A party to proceedings for the determination of the heirship of a deceased person, instituted under section 1664 of the Code of Civil Procedure, is concluded by such determination, in the distribution of the estate; and where the decision of the court in such proceedings is against the claim of heirship or interest of such party in the estate, and such decision is affirmed upon his appeal therefrom, he cannot afterward be heard to affirm the contrary upon appeal from a decree of distribution of the estate.

ID.—CONSTRUCTION OF CODE—DETERMINATION OF KINSHIP—JURISDICTION.
In determining claims to heirship under section 1664 of the Code of Civil
Procedure, the court has jurisdiction to determine the degrees of kin-
ship of each of the claimants, and where a claimant is found to bear no
kinship whatever to the deceased, a finding and judgment to that effect
is properly within the jurisdiction of the court, and within the issues
to be determined.

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying a new trial.
J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*George W. Towle, Jr.,* for Appellant.

It was clearly the intent of the legislature, in view of
the case of *Pioche* v. *Paul,* 22 Cal. 106, when it re-enacted
section 2 of the act of April 13, 1850, as section 1387
of the Civil Code, to adopt the construction placed upon
the former section by the cases of *Estate of Sand-
ford,* 4 Cal. 12, and *Pina* v. *Peck,* 31 Cal. 359. Those
decisions had become a part of the law itself and, as
such, binding upon this court. (*Clary* v. *Rolland,* 24
Cal. 148; *Houston* v. *Williams,* 13 Cal. 24; 73 Am.
Dec. 565; *People* v. *Coleman,* 4 Cal. 46; 60 Am. Dec.
581; *People* v. *Webb,* 38 Cal. 467; *Smith* v. *McDonald,*
42 Cal. 484; *Bergman* v. *Bly,* 66 Fed. Rep. 40, 43.) Mr.
Blythe had the assurance of this court in its officially
published opinions that it would adhere to, and give
effect to, the intent of the legislature as expressed in
section 1387 of the Civil Code, and construe that section
in the same way as it had construed section 2 of the
act of April 13, 1850 (*Hyatt* v. *Allen,* 54 Cal. 353; *In
re Baker,* 55 Cal. 302; *Eck* v. *Hoffman,* 55 Cal. 501);
and he executed no writing which was executed for the
very purpose of instituting an illegitimate child as his
heir, which designated the child as illegitimate, and
which was subscribed by the one in whose presence,
as a witness thereto, the writing was executed. (*In re
Jessup,* 81 Cal. 408.) The court had no jurisdiction,
under section 1387 of the Civil Code, to determine that

Florence Blythe Hinckley was entitled to inherit, as heir of Blythe, under the writings executed by him, as they did not conform to that section, nor to declare them to be acknowledgments under that section. The facts of the case place it without the statute. (12 Am. & Eng. Ency. of Law, 247, note 1; *Windsor* v. *McVeigh,* 93 U. S. 274; *Ex parte Lange,* 18 Wall. 176; *Bowlby* v. *Thunder,* 105 Pa. St. 173; *Lux* v. *Haggin,* 69 Cal. 255; *Pryor* v. *Downey,* 50 Cal. 388; 19 Am. Rep. 656; *Ex parte Virginia,* 100 U. S. 346; *Virginia* v. *Rives,* 100 U. S. 313-38; *Pacific Gas Imp. Co.* v. *Ellert,* 64 Fed. Rep. 421; *Wall* v. *Wall,* 23 Week. Not. Cas. 237; *Kline* v. *Kline,* 57 Iowa, 386; 42 Am. Rep. 47; *United States* v. *Walker,* 109 U. S. 258; *Wilson* v. *Ward Lumber Co.,* 67 Fed. Rep. 674; *Reed* v. *Ownby,* 44 Mo. 206, 207; *Dunklin Co.* v. *Chouteau,* 120 Mo. 578.) *Pina* v. *Peck, supra,* is authority in this case. The report states that the opinion is "by the court, Rhodes, J." Two justices concurred specially —Shafter and Sawyer—but there is nothing there to indicate that Justice Sanderson did not participate in the decision or concur in the opinion. (*Pease* v. *Peck,* 18 How. (U. S.) 595; *Hodgdon* v. *Griffin,* 56 Cal. 610.) The court was without jurisdiction to do more than determine who were the heirs, and who were the owners, of the estate of Blythe. It had not jurisdiction to adjudicate kinship to deceased, where such kinship—if it existed as claimed—would not make the one claiming it an heir, in view of the court's finding as to the status of other claimants. (Code Civ. Proc., sec. 1664.) The application for distribution of the estate was a new and independent proceeding, in which the petitioner was required to make proof sufficient to sustain her claim; as claimants and contestants appellant had a right to appear and to contest the claims by her asserted. (*Windsor* v. *McVeigh, supra; Smith* v. *Woolfolk,* 115 U. S. 143; *Sabariego* v. *Maverick,* 124 U. S. 261; *Ex parte Terry,* 128 U. S. 289; *The J. W. French,* 13 Fed. Rep. 916; *Ex parte Cuddy,* 131 U. S. 280.) The trial court was without jurisdiction to make a decree that

Florence Blythe was the adopted child of Blythe, under section 230 of the Civil Code; and this court is without jurisdiction, upon the record presented, to affirm such a decree. (*Galpin* v. *Page*, 18 Wall. 350.)

*William H. H. Hart*, for Florence Blythe Hinckley, Respondent.

The question of whether respondent was heir of Thomas H. Blythe; under section 1387 of the Civil Code, was disposed of, and the cases of *Estate of Sandford*, 4 Cal. 12, and *Pina* v. *Peck*, 31 Cal. 359, were discussed in *Blythe* v. *Ayres*, 102 Cal. 262, 263. Although there was a division of opinion of the justices on the point whether the complaint states facts sufficient to show an adoption of respondent under section 230 of the Civil Code, all of them qualified to act agreed that respondent is the heir of the decedent under section 1387 of the Civil Code. (*Blythe* v. *Ayres, supra; Blythe* v. *Ayres*, 96 Cal. 532.) Appellant is concluded by the decree in the proceeding under section 1664 of the Civil Code, entitled *Blythe* v. *Ayres, In the Matter of the Estate of Thomas H. Blythe, Deceased;* and the superior court correctly ruled that said appellant could not attack said clause collaterally, when Florence Blythe Hinckley applied for distribution thereunder.

Henshaw, J.—This is an appeal by the Blythe Company from the order denying it a new trial in the matter of the application of Florence Blythe Hinckley for a decree of partial distribution of the estate of Thomas H. Blythe, deceased.

The said company was a party to the proceedings instituted under section 1664 of the Code of Civil Procedure, and appealed from the judgment and decree of the court rendered therein, and also from the order of the court denying it a new trial. Both of these appeals were here determined adversely to appellant's contention. (*Blythe* v. *Ayres*, 102 Cal. 254.)

The stress of appellant's argument in this case is an

attack upon the former decisions of this court rendered in the matter of said estate, and it is contended that in those decisions we have given an unwarrantable construction and interpretation to section 1387 of the Civil Code, and have denied to the cases of *Estate of Sanford*, 4 Cal. 12, and *Pina* v. *Peck*, 31 Cal. 359, the weight which is due them as authority.

The question thus presented was fully and elaborately argued before the court upon the former Blythe appeals, and the conclusions reached and expressed in *Blythe* v. *Ayres*, 96 Cal. 532, and *Blythe* v. *Ayres*, 102 Cal. 262, were arrived at only after most painstaking and careful consideration by the court, and were concurred in by all the justices then qualified to act.

If, after such consideration and determination, we were inclined to consider the question anew, there is an insurmountable objection to doing so in this appeal. The Blythe Company, as has been said, was one of the parties to the original proceeding, wherein by the finding and decree of the court it was adjudged that the predecessors of appellant company were not of kin to Blythe. The company, having attacked the soundness of this finding upon direct appeal, and the judgment and decree made against it by the trial court having been here affirmed, it would seem that in all proceedings subsequent thereto the Blythe Company would stand as a stranger in interest to the estate of the deceased, and would not therefore be entitled to oppose or contest any proceedings had therein. But to this appellant answers that the duty and power of the court, under section 1664 of the Code of Civil Procedure, were limited to adjudicating kinship to the deceased, where such kinship, if it existed, would make the claimant an heir, and that the court, therefore, had no right or power to decide and declare that other claimants were not of kin, or that other claimants were of kin, but not of such kin as to entitle them to succession. But this is entirely too narrow a construction to be put upon this section. The section declares that the court, after indicated proceed-

ings, acquires jurisdiction to ascertain and determine the heirship, ownership, and interest of all parties in and to the property of the deceased, and that upon the trial of the issues the court shall determine the heirship to said deceased, the ownership of his estate, *and the interest of each respective claimant thereto and therein.* By this section a claimant is not entitled to be heard at all unless he claims to be of such kin as would entitle him to succession. The court acquires jurisdiction to determine, and it is made its duty to determine, not alone the heirship to said deceased, but the interest of each respective claimant to his estate. That this may and should properly be done by a decree establishing the degrees of kinship or relation in which the separate claimants stood to the deceased does not admit of debate; and, where a claimant is found to bear no kinship whatsoever to the deceased, a finding and judgment to that effect is properly within the jurisdiction of the court and within the issues to be determined.

The section declares that the ultimate determination of the court shall be final and conclusive in the distribution of said estate, and in regard to the title to all the property of the estate. To the proceedings which terminated in the original decree this plaintiff was a party. It endeavored unsuccessfully upon direct appeal to overcome and destroy that judgment. It failed in that attempt, and, so far as further proceedings in this estate are concerned, it is concluded by it.

The order appealed from is affirmed.

McFarland, J., and Temple, J., concurred.