[S. F. No. 98.  In Bank.—November 30, 1896.]

In the Matter of the Estate of THOMAS H. BLYTHE, Deceased.   HENRY T. BLYTHE et al., Appellants.

Estates of Deceased Persons—Proceeding to Determine Heirship—
 Entry of Final Decree.—The final order or decree, in a proceeding
 under section 1664 of the Code of Civil Procedure to determine heir-
 ship, is properly entered when spread at length upon the minute-book
 of the court in probate.  It is not necessary that it should be entered
 in a judgment-book.

Appeal from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person, and from an order refusing a new trial.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

*S. W. & E. B. Holladay,* for Appellants Henry T. Blythe *et al.*

*W. H. H. Hart,* and *Garber, Boalt & Bishop,* for Respondent.

Henshaw, J.—This is an appeal by Henry T. Blythe and others from the decree of distribution in the matter of the above-entitled estate.

The petition for distribution was presented by Florence Blythe.  She averred, as the foundation of her claim, the decision and judgment made in the matter of said estate in the proceeding entitled *Florence Blythe* v. *Abbie Ayres et al.*  The appellants appeared, joined issue with the petitioner, and pleaded *nul tiel record.*

Upon the hearing the decision of the court, as entered in the probate minute-book upon October 22, 1890, was offered and admitted in evidence over the objection of appellants.  Appellants, in turn, "offered and demanded that they be permitted to prove that no such judgment existed against them as is alleged against them in the said petition for distribution, because the said

judgment (rendered October 22, 1890, in the action or proceeding of *Florence Blythe* v. *Abbie Ayres et al.*) had never been entered in the judgment-book; the time to appeal from said judgment had never arrived; the said judgment had never been entered; the action or proceeding was still pending; the alleged appeal taken by Henry T. Blythe *et al.*, as from said judgment, was taken by inadvertence, under the impression that said judgment had been entered, and without the knowledge of said parties or their attorneys of the nonentry of said judgment; that said Henry T. Blythe *et al.* were parties defendant in said action or proceeding and were making a *bona fide* claim to the heirship and ownership of said estate; that said alleged appeal of Henry T. Blythe *et al.*, as from said judgment, was futile; that the action of the supreme court, as in affirming said judgment, was without jurisdiction and void; that its *remittitur* to the superior court certifying its said action was void; that said *remittitur* was never attached to the judgment-roll, and no minute of said affirmance of the supreme court was ever entered on the docket of said superior court." The court sustained the objection of petitioner to this offer. The offer, it will be observed, was to show that the alleged judgment did not exist *because* it had never been entered in the judgment-book. No claim was made by petitioner that it had been so entered. Indeed, petitioner rested her cause upon the affirmative showing that entry had been made in the minute-book.

That this entry was sufficient has thrice been decided in the matter of this estate. (*Blythe* v. *Ayres, ante,* p. 227.) There was thus before the court an affirmative showing of a sufficient entry. For appellants to have proved that it was not entered in some other book could not have advantaged them, and the refusal of the court to allow them to make such proof could not have injured them.

The decree and order appealed from are affirmed.

The order of this court, made upon application of

appellants herein restraining the probate court from proceeding further in the matter of the distribution of said estate, is also vacated and dissolved.

MCFARLAND, J., VAN FLEET, J., GAROUTTE, J., and TEMPLE, J., concurred.