[S. F. No. 3811. In Bank.—May 31, 1905.]

BLYTHE COMPANY, Appellant, v. BANKERS' INVEST-MENT COMPANY, MUTUAL SAVINGS BANK, FLORENCE B. MOORE, and A. A. MOORE, JR., Respondents.

EQUITY JURISDICTION OF FEDERAL COURT—INTERLOCUTORY DECREE PRO CONFESSO ON CROSS-BILL—VACATION AFTER TERM—DISMISSAL OF BILL—IMPROPER ACTION IN STATE COURT.—A decree *pro confesso* on a cross-bill in a suit in equity in the federal court is interlocutory, and not final; and where a motion was pending at the time of the decree to dismiss the bill for want of jurisdiction of the suit in equity, the federal court had power, after adjournment of the term, to set aside the decree *pro confesso,* and to dismiss the bill for want of equity, which dismissal carried with it the whole

fabric of the cross-bill.  No action can thereafter be maintained in, the state court upon such decree *pro confesso,* or to annul the order vacating it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

George W. Towle, Jr., and Richard P. Henshall, for Appellant.

Heller & Powers, A. A. Moore, J. L. Robinson, and John Garber, for Bankers' Investment Company, Respondent.

E. H. Rixford, for Mutual Savings Bank, Respondent.

A. A. Moore, for Florence B. Moore, and A. A. Moore, Jr., Respondents.

VAN DYKE, J.—This is an appeal by the plaintiff from the judgment in favor of the defendants, and from an order denying the motion for a new trial.  The defendants in the action other than Florence Blythe Moore and her husband have acquired interests in the property in question from said Florence.

The case is notable for the many shapes and forms it has assumed in the process of litigation during the last fifteen or twenty years in the various courts, state and federal, and is remarkable for its vitality and endurance to survive after repeated defeats.

Thomas H. Blythe died intestate in the city and county of San Francisco in this state in April, 1883.  While his estate was in probate and prior to 1887, proceedings were instituted and prosecuted by the respondent, Florence B. Moore, then Florence Blythe, by her guardian (she being then a minor) under the provisions of section 1664 of the Code of Civil Procedure, to establish heirship, and her right to the estate of Thomas H. Blythe, deceased.  Numerous defendants appeared in that proceeding claiming to be kin or heirs of said deceased, Thomas H. Blythe.  Among these it is only necessary to mention John W. Blythe, Henry T. Blythe, Boswell M. Blythe, represented by the Messrs. Holliday.  Another set of claimants designated as the "Williams claimants," and an-

other as the "Jones claimants," the plaintiff and appellant
in the present action, a California corporation, having suc-
ceeded, as alleged, to the interest of the "Jones claimants."

The superior court of the city and county of San Fran-
cisco in that case rendered judgment declaring Florence
Blythe to be the sole heir of Thomas H. Blythe, deceased.
From this judgment the "Williams heirs" appealed, and not
only were the appellants represented on that appeal, but also
several other interested parties defendant in the court below,
including the Blythe Company. But this court, in Bank,
after full, and, it may be said, exhaustive, consideration of
the case, affirmed the judgment. (*Blythe* v. *Ayres,* 96 Cal.
532.) Subsequently the Blythe Company (plaintiff and ap-
pellant in the present case) also took an appeal from the
order denying its motion for a new trial in said proceeding
to establish heirship. The various parties who appeared in
the former appeal also took part as against the respondent,
Florence Blythe, on that appeal from the order denying the
Blythe Company's motion for a new trial. And again, after
a full consideration of the case by this court in Bank, the
judgment of the court below refusing a new trial to the
Blythe Company was affirmed. (*Blythe* v. *Ayres,* 102 Cal.
254.) Subsequently the Blythe claimants, represented by the
Messrs. Holliday, took an appeal from the order of the supe-
rior court of the city and county of San Francisco refusing
to dismiss the said proceeding to determine heirship, already
referred to. This appeal was heard by this court in Bank
November, 1895, and the order appealed from affirmed. (*In
re Blythe,* 110 Cal. 226.)

Subsequent to the judgment in favor of Florence Blythe in
the proceeding to establish heirship, the superior court, sit-
ting as a court of probate, distributed the estate of Thomas
H. Blythe to her, then Florence Blythe Hinckley. And from
this decree of distribution two several appeals were taken by
different groups of claimants, and in each the judgment and
decree of distribution appealed from were, in November, 1895,
affirmed. (*In re Blythe,* 110 Cal. 229, 231.)

The Blythe Company, the appellant here, also appealed
from said decree of distribution, and this court in May, 1896,
again affirmed the said decree, and indorsed the regularity
and finality of the proceeding. (*In re Blythe,* 112 Cal. 689.)

The same ruling was subsequently made on the appeal by the "Holliday Blythes" January, 1897.   (*In re Blythe,* 115 Cal. 553.)

In the mean time, at the November term of the United States circuit court for the northern district of California, the claimants John W. Blythe and Henry T. Blythe (represented by Messrs. Holliday), as plaintiffs, filed a complaint to quiet title as against Florence Blythe Hinckley, Frederick W. Hinckley, her husband, and the Blythe Company, a corporation (plaintiff and appellant in the present action).   It is alleged in their complaint so filed in said court, that said John W. Blythe was a resident and citizen of the state of Kentucky, and the said Henry T. Blythe was a resident and citizen of the state of Arkansas, and defendant Blythe Company was a corporation organized and existing under the laws of the state of California, having its office and principal place of business at the city and county of San Francisco, and that each of the defendants is a citizen of the state of California and a resident within the said northern district of the state of California.   The defendants in said action, the Blythe Company and Florence Blythe Hinckley, appeared in said action and answered to said complaint.   Thereafter several amendments were made on the part of the plaintiffs to their complaint, and the defendant therein, the Blythe Company, also filed a cross-complaint.   It is not necessary to notice the various amendments which were made to the several pleadings in the case, or the orders and stipulations of the parties therein, but only such as relate to the matter constituting the basis of this action on the part of the Blythe Company.   It appears on April 6, 1897, the solicitor of the Blythe Company entered in the rule-book in the United States circuit court a rule taking the cross-bill *pro confesso* as to Florence Blythe Hinckley for not appearing to said cross-bill, and also took a similar rule as against the plaintiffs in said action, John W. and Henry T. Blythe.   But thereafter, on May 10, 1897, the solicitor for the Blythe Company amended his cross-bill and obtained an order that it should stand as so amended. On June 1, 1897, the complainants John W. and Henry T. Blythe again amended their supplemental bill by striking out the name of Boswell M. Blythe.   No new rule taking the cross-bill as amended *pro confesso* was entered, but on July

1, 1897, the solicitor of the Blythe Company filed his affidavit showing that the subpœna issued on the cross-bill was served on Florence Blythe Hinckley on the 1st of March, 1897, and no appearance had been entered by her. A similar statement was made in reference to the failure of plaintiffs in said action, John W. and Henry T. Blythe, to appear or answer. Thereupon an order was entered by the court that the cross-bill of the Blythe Company be taken *pro confesso,* and that a judgment and decree of the court be entered accordingly. On July 3, 1897, a decree in conformity with this order was entered in favor of the Blythe Company, and the court soon after, and on the same day, adjourned for the term. It is this decree so taken *pro confesso* that constitutes the basis of the present action on the part of the plaintiff and appellant herein, the Blythe Company. But on July 7, 1897, four days after the taking of such decree by the solicitor of the Blythe Company, Florence Blythe Hinckley filed a petition to have said judgment of July 3d set aside and vacated, on the ground that she had never been served with any process, or received a copy of any process issued upon said cross-bill; that she had never seen or received said cross-bill or a copy thereof; and no cross-bill or any copy thereof or any process or any copy of any process had ever been delivered to her, or left at her dwelling-house or usual place of abode with any adult person who was ever a member or resident of her family. The petition was supported by the petitioner's affidavit, together with the affidavit of her attorneys and counsel to the effect that prior to July 6, 1897, they had no knowledge that a subpœna or any other process had ever been issued upon the cross-bill filed by the Blythe Company; that they had no. knowledge or information that a default had been entered against Florence Blythe Hinckley, or that an order had been made that the cross-bill should be taken *pro confesso.* The complainants also appeared and moved to set aside the decree on various grounds. The hearing on their application was continued by the said court until the first day of the next ensuing term, which was July 12, 1897, when the same was further continued to a subsequent day in the term, and at the hearing all the parties plaintiff and defendant therein—the Blythe Company as well as Florence Blythe Hinckley—took part. The matter of the application to set aside said decree

*pro confesso* was fully argued and considered by the court, and in Judge Morrow's opinion he reviewed the various matters, and granted the petition and motion and set aside the so-called decree taken *pro confesso*. (*Blythe* v. *Hinckley,* 84 Fed. 228, 234.) Among the grounds on which the opinion of the learned judge of the United States circuit court seems to have been based are the following: That a decree entered pursuant to an order *pro confesso* on a cross-bill is not final but interlocutory where it leaves undetermined, as between the parties to the original and supplemental bills, the question of the legal ownership of property in dispute, and that no complete and final decree upon the whole case can be entered pursuant to an order *pro confesso* upon the cross-bill where there is pending and undetermined a motion to dismiss the original bill for want of jurisdiction, as was the case here; and further, that a decree entered pursuant to an order *pro confesso* on a cross-bill will be set aside where it appears that there were serious irregularities in the service of the subpœna on the cross-bill, and that such bill was amended between the date of the order *pro confesso* and the date of the decree, by withdrawing certain allegations and striking out the name of another defendant, as was the case here. The solicitor of the Blythe Company appealed from said judgment and decree of the circuit court, setting aside said decree *pro confesso,* to the United States supreme court, and, on January 9, 1899, upon motion of the respondents therein, said court dismissed said appeal. (*Blythe Co.* v. *Blythe,* 172 U. S. 644.)

Before the entry of the order and decree *pro confesso* on the cross-bill of the Blythe Company, referred to, the defendant Florence Blythe Hinckley entered a motion in the United States circuit court to dismiss said suit, which motion was pending at the time of the taking of the said order and decree *pro confesso,* on the part of the counsel for the Blythe Company. Subsequent to the order made in the circuit court, granting the petition of said Florence Blythe Hinckley to set aside said order and decree *pro confesso,* the said motion to dismiss the cause came on to be heard, and after a full hearing of all the parties interested in said cause, the order was granted and the bill of complaint dismissed. (*Blythe* v. *Hinckley,* 84 Fed. 246, 256.)

In the opinion of the court reviewing the case on that motion it is said: "But there is still another reason why this action cannot be maintained. It appears from the bill of complaint that when the original bill was filed on December 3, 1895, neither party was in possession of the land in controversy, but that it was in the hands of the public administrator of the city and county of San Francisco." Then, after citing the provisions of the Political Code and certain cases from the United States Reports, the code says: "In the present case not only did the land have an occupant when the original bill was filed, but it was in the possession of the public administrator under the authority and jurisdiction of the superior court of the state. 'An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any court. (*Byers* v. *McAuley,* 149 U. S. 608.)' It follows that while the possession of the administrator continued no decree for the possession of the real property in his custody could have been entered in favor of the complainants. But it appears that, on the next day after the filing of the original bill, the defendant Florence secured possession of the property, and she has ever since continued in possession of the same. She was therefore in possession when the second amended and supplemental bill was filed; and against her, at that time, so far as appears from the bill of complaint, a suit in ejectment by the complainants, claiming to be the heirs of Thomas H. Blythe, would have afforded a plain, adequate, and complete remedy. . . . As the view here taken of this feature of the case disposes of the motion to dismiss the bill, it will not be necessary to consider the question of parties and diverse citizenship. The bill of complaint will be dismissed." An appeal was taken from this judgment and decree of the circuit court, dismissing the suit in question, to the supreme court of the United States, where it was heard at the January term of 1899, and decided April 13, 1899. (*Blythe* v. *Hinckley,* 173 U. S. 501.) In the opinion in that case it was said: "The superior court of San Francisco was a court of general jurisdiction, and authorized to take original jurisdiction of all matters of probate, and the bill averred that Thomas H.

Blythe died a resident of the city and county of San Fran-
cisco and left an estate therein; and that court repeatedly
decreed that Florence was the heir of Thomas H. Blythe, and
its decrees were repeatedly affirmed by the supreme court of
the state.  So far as the construction of the state statute and
the state constitution in this behalf by the state was concerned,
it was not the province of the circuit court to re-examine
their conclusions.  As to the question of the capacity of an
alien to inherit, that was necessarily involved in the deter-
mination by the decrees, that Florence did inherit, and that
judgment covered the various objections in respect of section
1978 of the Revised Statutes [U. S. Comp. Stats. 1901, p.
1262], and the tenth section of article one of the constitution
of the United States, and any treaty relating to the subject.''

The case again came before the United States supreme
court on a writ of error to the supreme court of this state, to
review the judgment of this court affirming the judgment of
the superior court in favor of Florence and against the Blythe
claimant, decided February 25, 1901, (21 Sup. Ct. 390).  In
the statement of the case it is said: ''The case involved a
large amount of real property belonging in his lifetime to one
Thomas H. Blythe, who was a naturalized citizen of the Uni-
ted States, and died intestate on the fourth day of April,
1883, a resident of the city and county of San Francisco.
Questions relating to the title of this property have been in
litigation for over fifteen years, and various suits have been
instituted in the state and federal courts in California dur-
ing that time, all of which have resulted favorably to the
interests of the defendant in error herein, who claims to be
the owner of the property.  Three suits have been before this
court upon a writ of error or by appeals brought by some
of the parties interested, and have been dismissed for want of
jurisdiction.  (*Blythe* v. *Hinckley,* 167 U. S. 746; *Blythe Co.*
v. *Blythe,* 172 U. S. 644; *Blythe* v. *Hinckley,* 173 U. S. 501.)''
Continuing, that court said: ''The original judgment in the
superior court of California, which was affirmed by the
supreme court of that state, determined the rights of the
defendant in error, and conclusively adjudged her to be the
owner of the property in question, unless the judgment was
reversed upon appeal.  The state courts had jurisdiction over
the whole question, including the defense founded upon the

federal constitution, and if that objection had been properly raised, and appeared in the record, an appeal to this court from the supreme court of California, could have been taken, if the defense had been overruled. The allegation of the plaintiff in error that the state courts had no jurisdiction to determine the question, because of the facts set forth by him in the complaint herein, is not therefore well founded, and being a mere conclusion of law is not admitted by the demurrer." Further, "Litigation in regard to the merits of the claim of the defendant in error to this property has been continued by her opponents since the judgment of the state courts, just as if the whole merits of the case had not been decided by the state courts in her favor several times. This court has been asked to review a judgment dismissing the complaint filed in a separate action, brought in the federal circuit court to set aside the state judgments, and this we refused to do on the grounds stated in the report. . . . The claim which the plaintiff in error founds upon the section of the federal constitution is too plainly without foundation to require further argument. The right of the defendant in error to this property has been in litigation for more than fifteen years, and many years after courts of competent jurisdiction have decided all the questions in her favor, and we think this writ of error, judging by the character of the question sought to be raised under it, has been taken for delay only. The judgment must be affirmed." (*Blythe* v. *Hinckley,* 180 U. S. 333, 342.)

After these many adverse decisions encountered by the Blythe Company in the federal courts, the matter, it seems, was allowed to slumber until nearly the expiration of the five years' limitation of the right to bring an action based upon the so-called judgment or decree *pro confesso,* when it was switched back into the state courts, where the contest has been renewed; and this action, so commenced, is founded upon the said judgment or decree *pro confesso* entered in the circuit court July 3, 1897.

The trial in the court below resulted in a judgment in favor of the defendants, and the motion of the plaintiff for a new trial was denied; and, as already stated, the present appeal is from the said judgment and order denying the motion for new trial.

The record in the case brought to this court contains three volumes of printed matter, amounting to over sixteen hundred pages in all, and nearly five thousand folios. It consists mostly of records and documents, introduced at the trial in the court below, from the federal court, and many of these records and documents are repeated several times, with full captions of court and cause and certificates and indorsements of filing and authentication. The appeal could just as well have been presented to this court by the parties to this action on a record of less than one fourth in size and volume. We cannot, of course, ascertain from the record who is responsible for the unnecessary portions thereof. We have repeatedly called attention to this abuse in the matter of uselessly encumbering records on appeal without any apparent reform in the practice.

The contention of the Blythe Company in the court below, as well as here on appeal, is, that the decree of July 3, 1897, was and is a final decree of the circuit court; that it was rendered in due course on the cross-bill of complaint as amended, and in full compliance with the equity rules and that the circuit court had no power to reverse or vacate a final *pro confesso* decree, on motion therefor made after the adjournment of the term, and hence the action of the United States circuit court in setting aside the said decree *pro confesso* was without jurisdiction and void.

The equity rule relied upon is No. 19 of Rules of Practice in Equity in the federal courts, and reads as follows:—

"19. When the bill is taken *pro confesso* the court may proceed to a decree at any time after the expiration of thirty days from and after the entry of the order to take the bill *pro confesso,* and such decree rendered shall be deemed absolute, unless the court shall, at the same term, set aside the same, or enlarge the time for filing the answer, upon cause shown, upon motion and affidavit of the defendant, and no such motion shall be granted unless upon the payment of the cost of the plaintiff in the suit up to that time, or such part thereof as the court shall deem reasonable, and unless the defendant shall undertake to file his answer within such time as the court shall direct, and submit to such other terms as the court shall direct, for the purpose of speeding the cause."

But rule 1 of said Equity Practice provides:—

"1. The circuit courts, as courts of equity, shall be deemed always open for the purpose of filing bills, answers, and other pleadings; for issuing and returning mesne and final process and commissions; and for making and directing all interlocutory motions, orders, rules, and other proceedings, preparatory to hearing of all causes upon their merits."

If the contention upon the part of the Blythe Company be correct, that the so-called decree *pro confesso,* òf July 3, 1897, was a final decree in the matter, and unaffected by any proceeding in the circuit court thereafter had with reference to the case, there is no reason shown, nor does any appear, why it could not have been enforced in that court, instead of renewing the controversy again in the state court by bringing this action. The Blythe Company, through its counsel, in effect, asks this court to review and annul the proceedings of the federal court, vacating and setting aside the so-called decree *pro confesso,* and to reinstate it as a valid and subsisting final judgment and decree in favor of the said company, in reference to the matter in controversy. This we decline to do, but if it were an open question with us, we should arrive at the same conclusion as did the federal court, that said decree is not final but merely interlocutory and falls within rule 1, instead of rule 19, of the Equity Practice. In dismissing the appeal from the circuit court of the United States, in *Blythe Company* v. *Blythe,* already referred to, the supreme court of the United States cites in support of its judgment so dismissing said appeal, among other cases, *Cross* v. *De Valle,* 1 Wall. 1, and *Ex parte Railroad Co.,* 95 U. S. 221. In the former case it is held that the "cross-bill, being an auxiliary bill simply, must be a bill touching matters in question in the original bill. If its purpose be different from that of the original bill it is not a cross-bill, even though the matters presented in it have a connection with the same general subject. As an original bill it would not attach to the controversy unless it be filed under such circumstances of citizenship, etc., as give jurisdiction to original bills. 'A cross-bill is a mere auxiliary suit, and a dependency of the original.' "

The suit in the federal court was brought by John W. and Henry T. Blythe against the Blythe Company and Florence

Blythe, and the only thing that conferred jurisdiction on the United States circuit court in that case was the fact of the diverse citizenship of the parties, it being alleged in the bill of complaint that John W. and Henry T. Blythe were citizens of other states—the former a resident and citizen of the state of Kentucky, and the latter a resident and citizen of the state of Arkansas, and the Blythe Company, a California corporation, and Florence Blythe, residents of California. The matter in controversy involved no federal question.

The cross-bill of the Blythe Company, as well as the so-called decree *pro confesso,* must necessarily attach themselves to the original suit brought by John W. and Henry T. Blythe, in order to be within the jurisdiction of the federal court, and it follows, therefore, that the said decree *pro confesso* was merely interlocutory, and not final. In *Ex parte Railroad Co.,* 95 U. S. 221, one of the cases cited by the supreme court of the United States in dismissing the appeal from the circuit court, it is said:—

"Among the pleadings in the Strand suit, thus brought into the consolidated suit, was the cross-bill of this company praying affirmative relief in the final determination of the cause. It matters not that at a former day in the term a special decree had been rendered upon the subject-matter of the cross-bill, and that an appeal from that decree had been taken; for a 'cross-bill is a mere auxiliary suit and a dependency of the original.' (*Cross* v. *De Valle,* 1 Wall. 5.) As we have said in *Ayres et al.* v. *Carver et al.,* 17 How. 591, 'Both the original and cross-bill constitute one suit,' and ought to be heard at the same time. Consequently, 'any decision or decree in the proceedings upon the cross-bill is not a final decree in the suit, and . . . not the subject of an appeal to this court. . . . The decree, whether maintaining or dismissing the bill, disposes of a proceeding simply incidental to the principal matter in litigation, and can only be reviewed on an appeal from the final decree disposing of the whole case. That appeal brings up all the proceedings for re-examination, when the party aggrieved by any determination in respect to the cross-bill has the opportunity to review it, as in the case of any other interlocutory proceeding in the case.' A cross-bill must grow out of the matters alleged in the original bill, and is used to bring the whole dispute before

the court, so that there may be a complete decree touching the subject-matter of the action."

In *Ayres* v. *Carver,* 17 How. 591, referred to in the opinion just quoted, it is said:—

"A cross-bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts, in aid of the defense to the original bill, or to obtain full and complete relief to all parties, as to the matters charged in the original bill.

"It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit. The cross-bill is auxiliary to the proceeding in the original suit, and a dependency upon it.

"It is said by Lord Hardwicke, that both the original and cross-bill constitute but one plea, so intimately are they connected together. (*Field* v. *Schieffelin,* 7 J. Ch. R. 252.)

"The office of a cross-bill has been very fully discussed at this term by Mr. Justice Curtis, in the case of *Victoire Shields et al.* v. *Barrow;* and I need not, therefore, pursue it, but refer only to that opinion for the true doctrine on the subject.

"It is manifest, from this brief reference to the doctrine, that any decision or decree in the proceedings upon the cross-bill is not a final decree in the suit, and, therefore, not the subject of an appeal to this court, under the 22d section of the judiciary act. (Act. Sept. 24, 1789, c. 20, 1 Stat. 84.) The decree, whether maintaining or dismissing the bill, disposes of a proceeding simply incidental to the principal matter in litigation, and can only be reviewed on an appeal from the final decree disposing of the whole case. That appeal brings up all the proceedings for re-examination, when the party aggrieved by any determination in respect to the cross-bill has the opportunity to review it, as in the case of any other interlocutory proceeding in the cause."

The claim of the Blythe Company never came to a trial or hearing upon the merits, and the judgment or decree sought to be sustained is based upon a mere technicality; as the law respects form less than substance, courts should not lend sup-

port to such a case, unless compelled to do so by some unyielding rule of law, which is not the case here.

The decree on the Blythe Company's cross-bill was interlocutory and not final, and dependent entirely upon the original proceeding in that case in order to give the federal court jurisdiction in the premises—that the United States circuit court, therefore, retained jurisdiction, notwithstanding the adjournment of the term, to vacate and set aside said interlocutory order and decree, and under the circumstances appearing in this case such action was entirely justified on the part of said court, and the subsequent dismissal of the original action by said court necessarily carried with it the whole fabric of the cross-action of the Blythe Company.

From the foregoing it becomes entirely unnecessary to consider the list of cases cited by appellant's counsel, as they refer to cases where the decree *pro confesso* was a final decree, and not merely interlocutory, as here.

The judgment and order are affirmed.

Henshaw, J., Shaw, J., Lorigan, J., McFarland, J., and Angellotti, J., concurred.