[S. F. No. 11556. In Bank.—July 14, 1926.]

In the Matter of the Estate of FRED G. KING, Deceased. SADIE E. PRITCHARD, Appellant, v. HAZEL HUBBARD KING, Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—CLAIM OF SURVIVING PARTNER—DEMAND FOR POSSESSION OF PROPERTY—DUTY OF ADMINISTRATRIX. A document presented and filed in the estate of a decedent, entitled "Notice of sole surviving partner," wherein the claimant proceeds to set forth that she was, between certain designated years and up to the date of the death of the decedent, his equal partner in all his various deals and business enterprises, that all his estate is partnership property and that she is entitled to have the possession of all of said property delivered to her as such partner by the administratrix of said estate, and wherein she demands such delivery and an accounting as to the business of said partnership, is in no sense a creditor's claim against the estate; and the presentation and filing of such document casts no duty upon the administratrix to take any action whatever upon the asserted right of said alleged surviving partner to have delivered over to her the property of said estate, and the failure

1. See 11 Cal. Jur. 682.

of the administratrix to take such action in no way impedes her right when said estate is otherwise ready for distribution to present her petition for the distribution thereof.

[2] ID.—DETERMINATION OF CLAIM OF STRANGER—JURISDICTION OF PROBATE COURT.—By the presentation and filing of such document, said alleged surviving partner places herself in the position of a stranger to said estate, seeking to have her claim to the ownership of the whole of the properties of the decedent litigated and determined in the probate court and in the course of administration of said estate; and the probate court has no jurisdiction to determine adverse claims to the properties of an estate in course of administration before it when asserted by a stranger to said estate.

[3] ID.—ADVERSE TITLE—DETERMINATION UNDER SECTION 1664, CODE OF CIVIL PROCEDURE.—Upon the presentation by the administratrix of said estate of her final account and petition for distribution, said alleged surviving partner is not entitled to present and have determined her claim to the ownership and possession of the entire properties of the estate, under the provisions of section 1664 of the Code of Civil Procedure, as the provisions of said section, and the proceedings which are referred to therein for the determination of the issues provided for in said section, have application only to the determination of rights claimed in privity with the estate and have no application to the rights or titles of persons claiming adversely thereto.

[4] ID.—REMEDY OF SURVIVING PARTNER—FAILURE TO INSTITUTE ACTION—DELAY OF DISTRIBUTION.—Where an alleged surviving partner of a decedent has or claims to have a right to receive and administer the properties of the estate of said decedent as the assets of the alleged partnership, it is her duty to institute an action in a court of law or equity for the determination of her said claim, and where she does not institute any such action in a proper forum prior to distribution she is not entitled upon her application therefor, made in the probate court upon the day set for the hearing upon the petition of the administratrix for distribution of the estate, to have the distribution of the estate delayed until such time as she might require to have litigated and determined her adverse claim as surviving partner of the decedent.

---

(1) 24 C. J., p. 515, n. 41.   (2) 24 C. J., p. 763, n. 29.   (3) 24 C. J., p. 515, n. 41.   (4) 24 C. J., p. 515, n. 41.

2.  See 12 Cal. Jur. 135.
3.  See 12 Cal. Jur. 123.
4.  See 12 Cal. Jur. 171.

APPEAL from a decree of the Superior Court of Alameda County directing distribution of an estate. George E. Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter and Hamilton A. Bauer for Appellant.

George Clark Sargent and Charles J. Heggerty for Respondent.

RICHARDS, J.—This appeal is from a decree of distribution made and entered in the above-named estate. The appeal is taken by one Sadie E. Pritchard, who claims to be a surviving partner of the decedent and who sought to assert her right as such in the course of the proceedings in the probate court for the administration of said estate, and by seeking to have set aside to her therein and upon the distribution thereof the entire property of said estate. The following are the facts of the case as disclosed by the record upon appeal: Fred G. King died on December 11, 1920, and letters of administration upon his estate were thereafter and in due course issued to his surviving widow on January 4, 1921. Notice to creditors was thereafter duly published and a decree establishing due notice to creditors entered on December 7, 1921. On May 2, 1921, the appellant presented and filed in the probate court a document entitled "Notice of sole surviving partner," wherein the appellant proceeded to set forth that she was, between the years 1891 and 1920 and up to the date of the death of said decedent, his equal partner in all his various deals and business enterprises, and that all of his estate was partnership property and that she was entitled to have the possession of all of said property delivered to her as such partner by the administratrix of said estate, and she thereby demanded such delivery and an accounting as to the business of said partnership, The administratrix apparently took no action with reference to the claim and demand of the appellant as set forth in said document; nor did the appellant, so far as this record discloses, take any further action thereon until the time arrived for the final distribution of

said estate and until the administratrix, in September, 1924, presented her final account and petitioned for such distribution. Notice of the hearing upon said last-named petition having been duly given, the appellant herein again appeared and filed another document wherein she again asserted and set forth substantially the same facts with regard to her partnership relation to said decedent and her right as such partner to the whole of the property of said estate as to the assets of such partnership, and prayed that the said court "ascertain and declare the rights of your petitioner and all persons to said estate and all their interests therein and to whom distribution thereof should be made and make a distribution thereof accordingly." The hearing upon the petition for distribution of said estate came on regularly before said court on the fifth day of November, 1924, and on said date and at the time of said hearing the appellant again appeared and filed another document entitled "Protest to the distribution and final account," wherein she again reasserted and repeated her previous averments with relation to said partnership and to the properties of said estate, and objected to the distribution of said estate to the heirs of said decedent as prayed for in the petition for distribution, and added thereto a prayer that the distribution of the estate be held in abeyance until such time as would enable her to establish her contention with relation to the properties of said estate. The probate court apparently disregarded each and all of these several petitions and protests on the part of said appellant and proceeded to make and enter its decree of distribution of said estate to the widow of said decedent and to his son and daughter, who were shown to be his heirs. This appeal is from said decree of distribution.

The appellant makes three contentions upon this appeal: First, that she was entitled to have her first application filed herein acted upon by the administratrix as a "claim" against said estate, and that, in the absence of such action upon her said "claim," said estate was not in condition for distribution at the time of the making and entry of the decree therefor, from which this appeal is taken; second, that the appellant was entitled to have her said claim to the properties of said estate as the surviving partner of said decedent considered and determined under the provisions of section 1664 of the Code of Civil Procedure and prior to

the distribution of said estate; third, that the appellant was entitled to have the distribution of said estate delayed in accordance with her prayer therefor until such time as she could have litigated and determined her claim to the properties of said estate as the surviving partner of said decedent.

[1] With respect to the first of these contentions we find it to be without merit. An examination of the document first presented by the appellant herein in the course of the administration of said estate discloses that it is in no sense a creditor's claim against said estate, since the sole right which the appellant asserted therein was that of a hostile claimant to the whole of the properties of said estate as the surviving partner of the decedent King. [2] She thus placed herself in the position of a stranger to said estate, seeking to have her claim to the ownership of the whole of the properties of said decedent litigated and determined in the probate court and in the course of the administration of said estate. That the probate court has no jurisdiction to determine adverse claims to the properties of an estate in course of administration before it when asserted by a stranger to said estate has been fully determined in numerous decisions by this court. (*Theller* v. *Such,* 57 Cal. 447; *Bath* v. *Valdez,* 70 Cal. 350 [11 Pac. 724]; *Barnard* v. *Wilson,* 74 Cal. 512 [16 Pac. 307]; *Estate of Ryder,* 141 Cal. 366 [74 Pac. 993]; *Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981].) This being so, the administratrix of said estate had cast upon her no duty to take any action whatever upon the asserted right of the appellant to have delivered over to her the properties of said estate, and it follows that her failure to take such action in no way impeded the right of said administratrix when said estate was otherwise in a condition for distribution to present her petition for the distribution thereof.

[3] With regard to the second contention of the appellant herein, that upon the presentation of said petition for distribution she was entitled to present and have determined her aforesaid claim to the ownership and possession of the entire properties of said estate, under the provisions of section 1664 of the Code of Civil Procedure, we are of the opinion that this contention has also no merit. It is true that section 1664 of said code provides that any person

claiming to be an heir of the deceased or entitled to distribution in whole or in any part of an estate in course of administration, may file a petition "praying the court to ascertain and declare the rights of all persons to said estate and all interests therein and to whom distribution thereof should be made," and that such persons may set forth therein "their respective claims of heirship, ownership or interest in said estate"; and that after notice given as provided in said section the court shall "acquire jurisdiction to ascertain and determine the heirship, ownership and interest of all parties in and to the property of said deceased, and such determination shall be final and conclusive in the administration of said estate and the title and ownership of said property." The foregoing provisions of said section, however, and the proceedings which are referred to therein for the determination of the issues provided for in said section, have been uniformly held by this court to have application only to the determination of rights claimed in privity with said estate and to have no application to the rights or titles of persons claiming adversely thereto. (*In re Burton,* 93 Cal. 459 [29 Pac. 36]; *In re Blythe,* 112 Cal. 689 [45 Pac. 6]; *McDonald* v. *McCoy,* 121 Cal. 55 [53 Pac. 421]; *More* v. *More,* 133 Cal. 489 [65 Pac. 1044, 66 Pac. 76]; *Whalen* v. *Smith,* 163 Cal. 360 [Ann. Cas. 1913E, 1319, 125 Pac. 904].)

[4] With respect to the third and final contention of the appellant herein to the effect that she was entitled upon her application therefor, made upon the day set for the hearing upon the petition for distribution, to have the distribution of said estate delayed until such time as she might require to have litigated and determined her adverse claim as surviving partner of said decedent, we find no semblance of merit in said contention. If said appellant had or has any right as surviving partner of said decedent to receive and administer the properties of said estate as the assets of said alleged partnership, it was clearly her duty long prior to the time for the proper distribution of said estate to have instituted an action in a court of law or equity for the determination of her said claims, and doubtless upon the institution of such action and upon a proper showing made therein she would have been accorded the right to have the distribution of the properties of the estate of her deceased

partner reasonably delayed in order that her aforesaid claims might in a proper forum be determined. The appellant, however, herein has made no showing of this sort, and it has been fully determined that the distribution of estates cannot be delayed in order to await the determination of prospective litigation by adverse claimants to the properties or any portion thereof of an estate when the same is otherwise ready for distribution. (*Estate of Ross,* 180 Cal. 643 [182 Pac. 755].)

The decree appealed from is affirmed.

Seawell, J., Curtis, J., Waste, C. J., and Shenk, J., concurred.