[Civ. No. 10212. Second Appellate District, Division One.—November 1, 1935.]

In the Matter of the Estate of ALBERT DODGE, Deceased. JOHN B. DODGE, Appellant, v. MILTON DUFFY, as Executor, etc., et al., Respondents.

A. L. Rowland, Morin, Newell, Brown & Hamill and Stanley K. Brown for Appellant.

H. G. Simpson, Leon U. Everhart and Leonard L. Riccardi for Respondents.

EDMONDS, J., *pro tem.*—Albert Dodge died testate leaving his wife, Myrtle Colton Dodge, and three children by a former wife surviving him. Mrs. Dodge died before distribution of his estate, and the present proceeding was brought to determine whether or not money loaned by Mr. Dodge to his wife after the execution of his will constitutes an advancement under the terms thereof. The right of her estate to certain personal property mentioned in the will is also in dispute.

John B. Dodge, a son of Albert Dodge and a beneficiary under his will, petitioned the superior court in the probate proceedings to "construe the Will of said Albert Dodge, deceased and determine the true intent and meaning of said Will and of all the terms and provisions thereof, and by order and decree declare who are his heirs and who are entitled to the distribution of his estate when such estate shall be ready for distribution, . . . and that said court further find, order, adjudge and decree that said Albert Dodge did not by his said Will or otherwise make any advancement of any kind or nature to said Myrtle Colton Dodge, and . . . that said court determine, order, adjudge and decree that the estate of Myrtle Colton Dodge, deceased, has no right claim or interest in any of the property belonging to the estate of said Albert Dodge, deceased; . . . " The court rendered its judgment that Mr. Dodge made an advancement to his wife and that her estate is entitled to take the household furniture and the automobile bequeathed to her under the will. From this judgment petitioner appeals on the two points that the superior court had no jurisdiction to entertain his petition and determine the questions presented thereby, and that the judgment is not in accordance with the terms of the will.

By his will executed in April, 1929, Mr. Dodge gave to his wife all of the household furniture and an automobile. He then made certain specific bequests, and devised and bequeathed one-fourth of the remainder of his estate in trust

for his daughter. The testator then provided as item VIII: "All the rest, residue and remainder of my property and estate of every kind and nature whatsoever, I give, devise and bequeath in equal shares to my beloved wife, Myrtle Colton Dodge, and to my beloved sons, John B. Dodge and Howard Dodge, share and share alike, provided my said wife shall survive until the Executor of my Estate shall have been directed by the Order of the Court to distribute my estate under the provisions of my Will. If my said wife shall not survive until such order of distribution, then eight-ninths (8/9), of all the rest, residue and remainder of my property and estate hereinbefore mentioned in this Item VIII, of my Will, shall be divided equally between my two sons, John B. Dodge and Howard Dodge, and the remaining one-ninth (1/9), of said rest, residue and remainder of my property and estate shall be assigned, transferred and set over to the Trustees hereinbefore mentioned in Item VII of this my Will, . . . "

Following this bequest to his wife, and as a part of item VIII the testator states: "In explanation of the provisions of this Item of my Will, which in effect require that unless my said wife, Myrtle Colton Dodge, shall live until an order of the Court shall be made distributing the property and estate disposed of by this Item VIII of my Will, no part of such property or estate shall benefit her estate, I desire to state the following reasons: . . . All the property comprising my estate is either property owned by me at the time of my marriage to my said wife, Myrtle Colton Dodge, or consists of the accumulations from the investments of such property, and in no sense is any of the same Community Property. Accordingly, by sound principles of equity and justice, if my beloved wife shall die prior to the time an order of Court shall be made distributing that portion of said property disposed of in this Item of my Will, such property should benefit only my own three children, or their heirs; said three children being the children of my former wife, who died between one and two years prior to my marriage to my beloved wife, Myrtle Colton Dodge, and all of said three children having been married with homes of their own before my marriage with the said Myrtle Colton Dodge."

. The next subject in the will is the one which occasions most of the present controversy. It reads: "It is my desire and I hereby direct that if at the time of my death, I shall hold the written obligation for the payment of money to me of any beneficiary under this my Will, whether such obligation be payable before, or after my death, such obligation, together with accrued and unpaid interest thereon, shall be treated as an advancement made by me to such beneficiary for the amount of such obligation and unpaid accrued interest, and the same shall be taken into account and be treated as an advancement in the distribution of my estate, regardless of the date of such obligation, or the period of time that has elapsed since the same fell due, if any."

This controversy arises over two notes for $1,000 and $2,500 made by Mrs. Dodge to the order of her husband, each of which is secured by a deed of trust to real estate. The notes evidence money borrowed by Mrs. Dodge from her husband subsequent to the date he made his will. The representatives of Mrs. Dodge claim that by the terms of his will Mr. Dodge made an advancement to his wife of the amounts which she had borrowed.

 Concerning the first point presented on appeal, section 1080 of the Probate Code provides: "When the time to file or present claims against the estate has expired, but the estate is not in a condition to be closed, any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof may file a petition setting forth his claim and praying that the court determine who are entitled to distribution of the estate." It is well settled that under this section the superior court sitting in probate has no jurisdiction to try title "where a stranger is claiming property adverse to the estate, and where, if the plaintiff prevails, the property will be taken away from the estate and will no longer be a part thereof". (*Johnson* v. *Superior Court*, 102 Cal. App. 178, 185 [283 Pac. 331].) It has long been the rule that the jurisdiction given to the probate court is limited "to the ascertainment and determination of rights and interests claimed in privity with the estates, and is not applicable to rights or titles claimed adversely to such estates". (*In re Burton*, 93 Cal. 459, 461 [29 Pac. 36] ; *Estate of King*, 199 Cal. 113 [248 Pac. 519].) On the other hand it has been held in numerous cases that the section provides a special

proceeding by which the rights and interests of those claiming in privity with the estate may be determined. (*Whalen v. Smith*, 163 Cal. 360 [125 Pac. 904, Ann. Cas. 1913E, 1319] ; *Estate of Vucinich*, 3 Cal. (2d) 235 [44 Pac. (2d) 567].)

In the case at bar all of the parties whose rights were determined by the judgment claim under the will. The title of Albert Dodge to the notes and personal property was not challenged by any party to the proceeding. The parties admitted that all of the property in controversy is a part of his estate, and that the only question involved is who shall succeed to it. No issue was presented under which the court could have made a finding which would have changed the assets of the estate. Whichever party prevails, the notes and the household furniture will still be a part of the estate of Albert Dodge. The whole purpose of the proceeding is to determine the rights of the respective parties to the property in controversy. The petition of appellant, therefore, presented issues which the superior court sitting in probate had jurisdiction to determine.

In support of the second point raised on the appeal, it is earnestly contended that the findings violate well-established rules for the construction of wills. It is, of course, elementary that the intention of the testator is of paramount authority in the construction of wills, and that a court must carry out such intention. "It is the duty of the court to interpret the provisions of a will and to carry out the intention of the testatrix, if that intention can be ascertained, provided no law is violated in so doing." (*Estate of McCray*, 204 Cal. 399 [268 Pac. 647].) But the judgment before us carries out the intention of Albert Dodge, as we read his will.

It is to be noted that by item VII of the will Mr. Dodge gave his wife a share in the remainder of his estate provided she survived him until its distribution. His explanation concerning the reasons why he made this provision are expressed at considerable length and particularly refer to "the property and estate disposed of by this Item VIII of my Will". Thereafter he states that unless his wife survived him until distribution of his estate "that portion of said property disposed of in this Item of my Will . . . should benefit only my own three children". The language is explicit in limiting the operation of the provision that the wife must live until distribution of the estate to take under the will, to the par-

ticular property left to her under item VIII. This portion, it may be observed, is a part of the remainder of the estate after specific bequests have been made, one of which is of the household furniture in controversy here.

True, in a later provision of item VIII, the testator states: "If my beloved wife, Myrtle Colton Dodge, shall die before my estate shall be finally distributed as contemplated by this Item VIII of my Will, she will not need any portion of my estate for her support and comfort." But this paragraph mentions item VIII and is a part of item VIII and must be held to affect only the property provided by Mr. Dodge for his wife in this one item of his will.

For the reasons above stated, the provisions of item VIII do not limit or control the bequest of the household furniture and the automobile. Neither do such provisions limit or control the following item of the will which provides that the written obligations of any beneficiary of the will shall be treated as an advancement made by the testator to such beneficiary. ■ Petitioner's contention that an advancement can be made only by a parent to a child, is not correct. Section 1050 of the Probate Code concerning advancements does not so limit them. The intention plainly expressed by the testator is that the amount of principal and interest represented by the notes constitutes an advancement to his wife under his will, and being such, his executors cannot require payment of the notes from the estate of the wife, the estate being sufficient to pay all debts and expenses of administration without them.

The judgment, or decree as it should properly have been denominated (sec. 1082, Probate Code), is affirmed.

Houser, P. J., and York, J., concurred.