[S. F. No. 3718. Department Two.—June 13, 1904.]

In the Matter of the Estate of THERESA L. MERCHANT. BARON D. MERCHANT, Appellant, v. OAKLAND RED CROSS SOCIETY et al., Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION TO TRUSTEES—CHARITABLE BEQUESTS.—Charitable bequests are regarded with favor by the courts, and will be carried into effect, if consistent with the rules of law. Distribution was properly made of the residue of the estate to trustees under the will of a deceased person, which made a charitable bequest to them for the benefit of the Oakland Red Cross Society in California, and to be used to equip a hospital for soldiers coming from the Pacific Coast.

ID.—BENEFICIARIES OF BEQUEST—ORGANIZED SOCIETY.—The bequest was not for the benefit of the individuals who happened at the death of the testatrix to constitute the membership of the society, but for the benefit of the society in its organized capacity, and through it for the benefit of the charitable objects to promote which it was formed.

ID.—PERPETUITY.—The doctrine of perpetuities does not apply in the case of a charitable bequest.

APPEAL from a decree of distribution of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion.

P. F. Gosbey, for Appellant.

The bequest is void for uncertainty. (Perry on Trusts, sec. 713; *Holland* v. *Peck*, 2 Ired. 258; Underhill on Wills, sec. 810.) A charitable bequest must be for unascertained beneficiaries. (Perry on Trusts, sec. 716; *Old South Society* v.

*Crocker,* 119 Mass. 23;[1] *Estate of Hinckley,* 58 Cal. 497; *Levy* v. *Levy,* 33 N. Y. 107; *Estate of Upham,* 122 Cal. 95; *People* v. *Cogswell,* 113 Cal. 138; *Fay* v. *Howe,* 136 Cal. 601; *Attorney-General* v. *Federal-Street Meeting-House,* 3 Gray, 1, 49; *Going* v. *Emery,* 16 Pick. 107;[2] *Bullard* v. *Chandler,* 149 Mass. 532.) The bequest to individual trustees violates the statute against perpetuities, though the bequest be for a charitable object. (*Estate of Hinckley,* 58 Cal. 482; *Goldtree* v. *Thompson,* 79 Cal. 613; *In re Walkerly,* 108 Cal. 658;[3] *Cottman* v. *Grace,* (N. Y.) 19 N. E. 839; *Adams* v. *Perry,* 43 N. Y. 487; *Will of O'Hara,* 95 N. Y. 403; *Iseman* v. *Myers,* 26 Hun, 656; *Witmore* v. *Parker,* 52 N. Y. 450.)

Campbell, Fitzgerald, Abbott & Fowler, for Oakland Red Cross Society, Respondent.

Charitable bequests are liberally construed to carry them into effect. (*Ould* v. *Washington Hospital,* 95 U. S. 303; *Mills* v. *Newberry,* 112 Ill. 123;[4] *Zanesville Canal and Mfg. Co.* v. *City of Zanesville,* 20 Ohio, 483; 2 Perry on Trusts, 4th ed., secs. 709, 720, 733; 2 Story's Equity Jurisprudence, sec. 1068; *Ingraham* v. *Ingraham,* 169 Ill. 432; *Pennoyer* v. *Wadhams,* 20 Or. 274; *Woodruff* v. *Marsh,* 63 Conn. 125;[5] *Estate of Hinckley,* 58 Cal. 457; *Estate of Willey,* 128 Cal. 1, 12; *Estate of Upham,* 127 Cal. 90; *Estate of Winchester,* 133 Cal. 271; *Fay* v. *Howe,* 136 Cal. 599; 5 Am. & Eng. Ency. of Law, 2d ed., 918; *Evangelical Association's Appeal,* 35 Pa. St. 316; *Everett* v. *Carr,* 59 Me. 325; *Seda* v. *Huble,* 75 Iowa, 429;[6] *Keith* v. *Scales,* 123 N. C. 497; *Cheatham* v. *Nashville Trust Co.,* (Tenn.) 57 S. W. 202; *Mills* v. *Davison,* 54 N. J. Eq. 659;[7] *Bartlett* v. *King,* 12 Mass. 536;[8] *Rotch* v. *Emerson,* 105 Mass. 431; *Russell* v. *Allen,* 107 U. S. 163; *Germain* v. *Beltes,* 113 Ill. 29; *Ould* v. *Washington Hospital,* 95 U. S. 303; *Dexter* v. *Gardner,* 7 Allen, 243; *Going* v. *Emery,* 16 Pick. 107;[2] *Barkley* v. *Donnelly,* 112 Mo. 561; *Howe* v. *Wilson,* 91 Mo. 45;[9] *Saltonstall* v. *Sanders,* 11 Allen, 446; *White* v. *Ditson,* 140 Mass. 351;[10] *Weber* v. *Bryant,* 161 Mass. 400.) The rule

---

[1] 20 Am. Rep. 299.

[2] 26 Am. Dec. 645.

[3] 49 Am. St. Rep. 97, and note.

[4] 54 Am. Rep. 213.

[5] 38 Am. St. Rep. 346.

[6] 9 Am. St. Rep. 495.

[7] 55 Am. St. Rep. 594.

[8] 7 Am. Dec. 99.

[9] 60 Am. Rep. 226, and note.

[10] 54 Am. Rep. 473.

against perpetuities is not applicable to charitable bequests. (*Estate of Hinckley,* 58 Cal. 457.)

L. D. Manning, for Executor, Respondent.

CHIPMAN, C.—Appeal from decree of distribution by which the residue of the estate of deceased was distributed for the benefit and advancement of the Oakland Red Cross Society in California, in preference to appellant, Baron D. Merchant, son and sole heir at law of deceased, as he claims it should have gone.

The eighth item in the will of deceased is made part of the decree, and may be looked to as showing the intention of the testatrix, without violating the rule in *Goad* v. *Montgomery,* 119 Cal. 652:[1] "Eighth: All the rest, residue, and remainder of my property of every kind and nature I direct my executors and trustees to take charge of and use the same, for the benefit and advancement of the 'Oakland Red Cross Society' in California, and it is my wish that if there be a hospital used in connection with the work of said society in California, that the above-mentioned residue be used to equip such hospital so far as the same may be necessary, and that the same be used for soldiers who come from the Pacific Coast." The decree provides as follows: "To J. B. Richardson [executor of the will], as trustee, all the rest, residue, and remainder of the property remaining for distribution, consisting of cash amounting to $2,842.99. Said J. B. Richardson, as such trustee, is directed to take charge of and use said residue for the benefit and advancement of the 'Oakland Red Cross Society' in California." Among other things the court found that this society was at the death of the testatrix, ever since had been, and now is, "a purely unincorporated charitable organization and society, having for its objects and purposes the prevention of unnecessary barbarities in war and the alleviation of suffering on the field of battle, and in connection with the conflicts of war, to accumulate funds and material, and to provide nurses and assistants for national services in times of war, pestilence, fire, flood, and other calamities so great as to be considered national, and having at all times a certain ascertained membership, not organized for profit or benefit of

[1] 63 Am. St. Rep. 145.

any of its members, and has used, and does now use, when necessary, a hospital in connection with its charitable work."

The points apparently relied on by appellant are, that the power given the trustee is uncertain, and that it cannot be determined from the will how or in what manner the residue shall be used; that the will makes the executor the trustee, and the society the beneficiary, and that as the society has "at all times a certain ascertained membership," the trust must fail as a charity, for, as it is claimed, the great distinguishing feature of a charitable trust is, that the persons to be benefited must be uncertain and indefinite. It is conceded that if "the testatrix had given directly the residue of her estate to the Oakland Red Cross Society to use it for the benefit and care of sick or disabled soldiers and sailors, the bequest might stand." But it is insisted that the residue is given to trustees to take charge of and use for the benefit of said society; that the society is composed of a definite and ascertained number of persons, and is clearly pointed out by the terms of the gift to receive and control its benefits, and hence is not a public charity. (Citing *Old South Society* v. *Crocker*, 119 Mass. 23;[1] *Fay* v. *Howe*, 136 Cal. 601.). On the assumption that the foregoing point is sustained,—i. e. that the trust must fail as a charity,—it is further claimed that it is void as creating a trust in perpetuity. (Citing *In re Walkerly*, 118 Cal. 656; *Estate of Fair*, 132 Cal. 528,[2] and especially relying on *Adams* v. *Perry*, 43 N. Y. 487.)

Obviously the intention of the testatrix, as shown by the decree, was, that the residue of her estate should be devoted to the objects to carry out which was the sole purpose of creating and maintaining the society, and appellant concedes that those objects are charitable. The intention being charitable, the bequest ought to be upheld if a way can be found to do so without violating sound reason and recognized principles of law. This court said in *Estate of Willey*, 128 Cal. 1: "Charitable donations are looked on with favor by the courts, and will be carried into effect if they can possibly be made good consistently with the rules of law." The meaning of the finding that the society has had "at all said times a certain ascertained membership," is, that an organization exists sufficiently formed to take; i. e. the number at any time could be

---

[1] 20 Am. Rep. 299.          [2] 84 Am. St. Rep. 70.

determined, not necessarily the same persons but as "having at all times a certain ascertained membership." But this finding was coupled with the further finding that the society was a "charitable organization, having for its objects and purposes the prevention of unnecessary barbarities in war and the alleviation of suffering on the field of battle," etc., and "has used, and does use, when necessary, a hospital in connection with its charitable work." The intention of the testatrix, as shown by her expressed wish, was not only that the bequest should be "for the benefit and advancement" of the society, whose charitable objects she must have had in her mind, but she directed that the bequest should be applied to equip a hospital used in connection with the society, which was to be used by soldiers coming from the Pacific Coast. The power given the trustee seems to us to be sufficiently definite and certain.

In effect the will indicated an intention that the residue of the estate should be used for the benefit of the society in carrying out its charitable objects, and to that end also to equip a hospital for the benefit of soldiers who came from the Pacific Coast, and all of the residue might be used for that purpose.

The bequest was not for the benefit of the individuals who happened at the death of the testatrix to constitute the membership of the society, but for the benefit of the society in its organized capacity, and through it for the benefit of the charitable objects to promote which it was formed.

Respondent cites cases to support the proposition that even if the will means that the society is the beneficiary, still, as it is conceded to be a charitable institution, the bequest necessarily becomes a charitable use; that on principle there is no difference between a bequest to a trustee for the benefit of a designated society, known or shown to be solely charitable, and a bequest to a trustee for the benefit of the persons who are the objects of the charitable ministrations of such society. Where the devise is directly to a society that exists only to dispense charity, it is presumed that the trust will be administered agreeably to the wish of the testator,—i. e. for charitable purposes,—and resort may be had to the courts to compel such application. So also where the devise is to a trustee for the benefit of such a society, the same presumption

arises as to the application of the trust fund, and the same power of the court to compel it or to restrain a misuse of the fund exists. In both cases the express wish of the testator is capable of enforcement, and should be enforced. In *Seda* v. *Huble*, 75 Iowa, 429,[1] the testator provided as follows: "I hereby give, devise, and bequeath to Franz Sevcik and Fred Huble, in trust for the benefit of the Catholic Church on my farm in Tama County, the sum of eight hundred dollars, and hereby direct that they or their successors shall invest said money safely for the benefit of said church, and that service be held in said church for my soul yearly." The bequest was attacked on the ground, among others, that it was void because not for a charitable use. The court held that the "church, or those who worship in the church edifice, are entitled to the benefits of the bequest." The court said, as to the last clause of the item, that the bequest is not based on the condition that services be held for the soul of the testator, nor was such the testator's intention. Said the court: "To our minds the bequest is so clearly expressed, the trust so certainly established, and the beneficiary so clearly indicated, that it is unnecessary to support the foregoing view by a citation of authorities to any greater extent than has been done."

*Hauson* v. *Little Sisters of the Poor*, 79 Md. 434, was the case of a trust to collect the incomes, etc., and after paying taxes, etc., "to divide the net income thereof equally between 'The Little Sisters of the Poor,' 'The Vestry of St. Mary's Church,' " Hampden, Baltimore County. The testator also declared that it was his express desire that the money so received by "The Vestry of St. Mary's Church" should be applied to maintain the parish school connected with said church. It was shown at the trial that by the general canons of the Protestant Episcopal Church, the parochial school, as well as the Sunday-school, was an integral part of the church organization. The court said: "It is obvious, therefore, there can be no foundation in fact for the contention that the testator directed the vestry to execute a trust not germane to the object for which it was incorporated." In this case the money was to be paid to—that is, for the benefit of—the corporation named, with a request that the money be used for the parish school. In the present case the beneficiary named is ꭲ-

[1] 9 Am. St. Rep. 495.

society, with the request that the money be used to equip a hospital.

In *Cheatham v. Nashville Trust Co.*, (Tenn. Ch.), 57 S. W. 202, the devise was in trust ''for the use and benefit of the Old Women's Home of Nashville, Tenn.'' It was shown that the home was an incorporated charitable institution. The court said: ''The subject of the trust and its object are not uncertain. We have a definite trustee and a definite beneficiary, . . . and the beneficiary being purely a charitable institution, with its purposes defined by its charter, the devise is to a legal trustee in trust for a legal charitable corporation, to aid it in carrying out its chartered benevolent aims.''

The question was fully considered in *Russell v. Allen*, 107 U. S. 163, where, by deed, Russell conveyed to one Horner in trust ''to and for the following uses and purposes, to wit, the said property is conveyed for the use and benefit of the Russell Institute of St. Louis, Missouri.'' It appeared also by the deed that the object of the grantor was ''chiefly for the purpose of founding an institution for the education of youth in St. Louis County, Missouri.'' There was at the time of the grantor's death no such institution of the name in existence. The court said: ''The principal grounds upon which the plaintiffs seek to maintain their bill are, that the deeds create a perpetuity; that the uses declared are not charitable; and that, if the uses are charitable, there are no ascertained beneficiaries, and no donee capable of assuming and administering the trust, and the uses are too indefinite to be specifically executed by a court of chancery. But these positions as applied to the facts of the case are inconsistent with the fundamental principles of the law of charitable uses as established by the decisions of this and other courts exercising the ordinary jurisdiction in equity.'' Whether or not these cases sustain respondent's position, in its broadest application, we think there is expressed in the will of the testatrix a clear intention that the residue of her estate should be used for a charitable purpose, and that the charitable objects contemplated by her were to aid the society in its charitable work and to equip a hospital connected with the society for the benefit of soldiers who come from the Pacific Coast. Mr. Justice Gray, in *Jackson v. Phillips*, 14 Allen, 556, gave the following definition of

a charity as the law regards it, which Mr. Perry says leaves nothing to be desired (2 Perry on Trusts, sec. 697) : "A charity in a legal sense may be more fully defined as a gift to be applied consistently with existing laws, for the benefit of an indefinite number of persons—either by bringing their hearts under the influence of education, or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government." "It is immaterial," said the learned jurist, "whether the purpose is called charitable in the gift itself, if it is so described as to show it is charitable in its nature." The objects of the society in the present case being admittedly charitable, and the intention of the testatrix to create a charitable trust being plainly manifest, the rule as to perpetuities has no application. (*Estate of Hinckley,* 58 Cal. 457, at p. 485; *People* v. *Cogswell,* 113 Cal. 129.)

It is advised that the decree be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the decree is affirmed.     McFarland, J., Lorigan, J., Henshaw, J.