[L. A. No. 12928. In Bank.—October 23, 1931.]

EDNA B. WHITTINGHAM, Respondent, v. CALIFORNIA TRUST COMPANY (a Corporation), Appellant.

Crail, Shutt, Penprase & Crail, Crail, Shutt & Crail for Appellant.

George W. Fenimore and Samuel J. Carter for Respondent.

THE COURT.—The California Trust Company appeals from a judgment of the Superior Court of Los Angeles County directing said Trust Company, as trustee of a trust estate created by the will of Edwin P. Benjamin, the father of said plaintiff, to pay over and deliver to the plaintiff a sum equal to a one-third part of the *corpus* of the trust created by the will of said Edwin P. Benjamin for her benefit, which sum would amount to approximately $5,000. This relief was sought and secured by the plaintiff upon the ground that by reason of a change in her circumstances there has come into existence a situation which was not anticipated by the testator and that this situation is of such gravity as to warrant a distribution to her of a portion of the principal of the trust estate despite the fact that the time for the expiration of the trust as declared by the will has not yet arrived. In her complaint plaintiff alleged that by the provision of the will of her father and the decree of distribution, "the decedent, Edwin P. Benjamin created, and intended to create, a trust in favor of his daughter, the plaintiff herein, in one-sixth of all the property of which he should die possessed; that the net value of the *corpus* of said trust for the benefit of plaintiff is in excess of $15,000; that plaintiff is now a person of mature years, to-wit: of the age of forty-one years, and is fully capable and competent to handle and administer her own property; that plaintiff was, at the time of the execution of said will, in good health and able-bodied, and fully able to be self-supporting; but since that time, plaintiff has become sick and infirm, and is now a chronic invalid suffering from internal disorders, which have required, and will require the performance of a series of operations upon plaintiff; that by reason of her physical condition, as aforesaid, plaintiff is unable at the present time to earn

her own living and be self-supporting, and has no means or income aside from that produced by the probate estate". The complaint also sets out the fact that the plaintiff is financially unable to meet the payments of installments due on the encumbrances upon her home and that the holders of said encumbrances are threatening to foreclose the same and put the plaintiff out of possession.

The appellant trust company does not deny that the condition of the plaintiff is so necessitous as to warrant the interposition of a court of equity, and in fact expressly concedes that at the trial the plaintiff satisfactorily established her need. It bases its opposition to a distribution of a portion of the trust estate upon the ground that, as it interprets the will of said testator, the plaintiff is entitled only to the income from one-sixth of the property of said trust estate and that her interest in the *corpus* or principal of the trust estate is contingent upon her surviving until the youngest minor child of said testator shall have attained the age of thirty-five years, at which time the trust estate is to be distributed, and that inasmuch as there are other persons who have an interest in the *corpus* of said trust estate in the event of the death of the plaintiff prior to the time for the termination of the trust, the court was without power to decree a distribution to plaintiff of any part of the *corpus* of the trust estate without the consent of such persons.

At the time of the execution of the will the testator's family consisted of one adult daughter, plaintiff herein and two adult sons, Walter and Charles, by his first wife, and three minor children by his second wife, Palmer, Rowena and Howard, of the ages of twelve, ten and seven years, respectively, and his second wife, Gertrude Benjamin. After making a specific bequest to his two adult sons, the testator in the fifth paragraph of his will made the following provision: "All the rest, residue and remainder of my estate, both real and personal, of every kind, nature and description and wheresoever the same is situated or found, including all property over which I may have any power of testamentary appointment, I hereby give, devise and bequeath to my executors, hereinafter named in trust, however, for the following uses and purposes." Then follows the provision giving to the trustees named the management

and control of the trust estate, followed by these provisions: "2nd. The net income arising from the trust fund hereby created shall during the continuance thereof be paid in equal quarterly payments during each year, if possible, by said executors and trustees as follows: $\frac{1}{3}$ of said net income shall be paid to my wife, Gertrude Benjamin; $\frac{1}{6}$th of said net income shall be paid to my daughter, F. Edna Benjamin [plaintiff herein]; the balance of said net income shall be expended by my said executors and trustees during the continuance of lifetime of said trust for the support and education of such of my children that shall be minors at the time of the execution of this will and such of my children as may be born after the execution of this will. . . . 4th. In the case of the death of my said wife or *any of the children,* the proportion of the net income of said trust fund hereinbefore provided to be paid to her or to them as the case may be, shall be paid after such death for the support and education of my said children who are now minors and those who may be born after the execution of this will, except that if *any of my children* die leaving a child or children, the proportion of income previously paid to such deceased child, as hereafter provided shall be paid and distributed share and share alike among the lawful issue of such deceased child or children, such issue to take, however, *per stirpes* and not *per capita.* 5th. When all my children which shall survive me shall have become the full age of 35 years then my said executors and trustees shall distribute the principal of said trust fund to the same persons and in the same proportion in which the net income thereof was payable immediately preceding the date of the termination of said trust." (Italics ours.)

It is argued by appellant that plaintiff, the adult daughter, was intended to be included by the testator in those provisions of the will providing for the disposal of the income of the trust estate in case of the death of any of the children and that, therefore, by this provision, upon the death of plaintiff, she being one of the children, prior to the termination of the trust estate, the income from her one-sixth interest would go to her issue, and, failing issue, the same would go to the support and education of testator's children who were minors at the time of the execution of the will, it being conceded that these children were Palmer,

Rowena and Howard, and as a consequence of such provision necessarily the unborn issue of plaintiff, and failing such issue, the minor children of the testator, Palmer, Rowena and Howard, have an interest in such income, and in the principal of the trust estate.

Respondent points out the fact that there has been a decree of distribution in said estate, in which no mention is made as to the disposal of the one-sixth portion of the principal of the trust estate in the event of the death of respondent prior to the termination of the entire trust, and insists that as there is no provision in the decree of distribution indicating that there is any other person beneficially interested in this one-sixth portion of the trust estate, no one has a right to complain of the distribution to her of a one-third share of her interest prior to the termination of the entire trust estate.

■ It is well settled that the decree of court with reference to the terms of a trust, and not the will, is the measure of the rights of the beneficiaries. In *Goad* v. *Montgomery*, 119 Cal. 552 [63 Am. St. Rep. 145, 51 Pac. 681], the court said: ''Where no appeal is taken from the decree by the trustees, it becomes conclusive upon them, and they can no longer contend for a different construction from that which is imported by the terms of the decree, which must be regarded as a construction by the court of the testator's intention, and is to be treated as if he had created the trust in the terms of the decree.'' And in *McKenzie* v. *Budd*, 125 Cal. 600 [58 Pac. 199, 200], the court said: ''The decree of distribution becomes the measure of the rights of all claimants to the estate, and their rights are to be determined by the terms of the decree.'' (See, also, *Miller* v. *Pitman*, 180 Cal. 540 [182 Pac. 50]; *Luscomb* v. *Fintzelberg*, 162 Cal. 433 [123 Pac. 247]; *Keating* v. *Smith*, 154 Cal. 186 [97 Pac. 300]; *Moor* v. *Vawter*, 84 Cal. App. 678 [258 Pac. 622].)

■ Appellant concedes that this is the general rule and also grants respondent's contention that the principal follows the income and that an unrestricted gift of the income to respondent constitutes a gift of the *corpus* by implication. (*Estate of Franck*, 190 Cal. 28 [210 Pac. 417].) It is appellant's theory, however, that the decree of distribution being silent with respect to the distribution of the income

from that portion of the trust estate, equaling one-sixth from which the respondent receives the income, its distribution is to be governed by the terms of the will itself which was incorporated by apt language into the decree of distribution. (*Goldtree* v. *Thompson,* 79 Cal. 613 [22 Pac. 50]; *Goad* v. *Montgomery, supra; Estate of Merchant,* 143 Cal. 537 [77 Pac. 475]; *Estate of Blake,* 157 Cal. 448 [108 Pac. 287].)

An examination of the parallel provisions of the will and of the decree of distribution convinces us that the contention of appellant is not tenable. By the decree of distribution the property was distributed to the trustees in the following language: "To said Gertrude Benjamin and Egerton Shore . . . in trust for Gertrude Benjamin, widow of the said deceased, F. Edna Benjamin Pearce, formerly F. Edna Benjamin [plaintiff herein], daughter of said deceased, Palmer Benjamin, minor son of said deceased, Rowena Benjamin, the minor daughter of said deceased, and Howard Benjamin, minor son of said deceased, *or the lawful issue of such of the said Palmer Benjamin, Rowena Benjamin, or Howard Benjamin as may die leaving said lawful issue* before the termination of the *trusts* by the said will created." The provision of the will relative to the distribution of the income of the estate in the event of the death of the testator's wife or any of the children is construed by the decree as follows: "In case of the death of the said Gertrude Benjamin, or *any of the said minor children,* Palmer Benjamin, Rowena Benjamin and Howard Benjamin, the proportion of the net income of said trust fund hereinbefore provided to be paid to the said Gertrude Benjamin or expended for the said Palmer Benjamin, Rowena Benjamin and Howard Benjamin, as the case may be, shall be paid, after said death for the support and education of the said Palmer Benjamin, Rowena Benjamin or Howard Benjamin, except that *if any of said Palmer Benjamin, Rowena Benjamin or Howard Benjamin die* leaving a child or children, the proportion of income previously paid to said deceased child, as hereinafter provided, shall be paid and distributed, share and share alike, among the lawful issue of said deceased child or children, such issue to take, however, *per stirpes et non per capita."* The provision of the will with reference to the distribution of the *corpus* of the estate was embodied in the decree of distribution in the

following language: "When all of the said Palmer Benjamin, Rowena Benjamin and Howard Benjamin, or the survivor or survivors of them, shall become the full age of thirty-five years, then the said trustees shall distribute the principal of said trust fund to the same persons and in the proportions in which the net income thereof was immediately prior thereto, payable." (Italics ours.)

It is possible that it may have been the testator's intention to use the word, "children" in paragraph 4th of said trust clause, as designating not only his minor children, who by virtue of their age would necessarily be thought of as children, but also his adult daughter; or it may have been his intention merely to designate his minor children. However, it is apparent, we think, from a most cursory perusal of the decree of distribution that the court in said decree, by specifically enumerating the three minor children of the testator in those provisions of the decree which correspond to the provisions of the will with reference to the death of any of the children of the testator, interpreted the word "children" to mean only the minor children of said testator, and by the omission of the adult daughter from such enumeration thereby intentionally excluded her from these survivorship provisions. It follows, therefore, that the decree of distribution was silent with respect to the distribution of the one-sixth portion of the income and principal of the trust estate, not inadvertently or through an oversight on the part of the draftsman of the decree of distribution, but by virtue of the fact that, the survivorship provisions of the will having been interpreted to apply only to the minor children of the testator, there was no provision of the will governing and controlling the disposition of this one-sixth portion of the trust estate. No appeal was taken from this decree. Therefore the interpretation given therein to the terms of the will is conclusive on all interested parties.

The only question involved upon this appeal being the question of whether or not the respondent was the only person beneficially interested in this one-sixth portion of the income and principal of the trust estate, and it being apparent from the decree of distribution that she is the only person interested, the court had the power to order a distribution to her of a one-third share of her portion of

the trust estate. (*Fletcher* v. *Los Angeles Trust etc. Bank,* 182 Cal. 177 [187 Pac. 425]; *Moor* v. *Vawter, supra.*)

The trial court expressly found that "the *corpus* of the trust funds as now held by the defendant as trustee consists of a large number of mortgages and trust deeds and mortgage guarantee certificates of the average value of about $4,000.00 each, that the *corpus* of the trust for the benefit of plaintiff, as held by the defendant as trustee, may be segregated and divided from the remainder of the trust funds held by the defendant as trustee, without impairing or affecting the value of said remaining trust funds". No difficulty is, therefore, to be anticipated in the carrying out of the judgment by the trustees.

The judgment is affirmed.

Rehearing denied.