[Civ. No. 5573. Third Appellate District.—July 16, 1936.]

JULIA J. BURBANK, as Administratrix, etc., et al., Respondents, v. NATIONAL CASUALTY COMPANY (a Corporation), Appellant.

Ray W. Hays for Appellant.

Barcroft & Barcroft for Respondents.

BRUTON, J., *pro tem.*—This action against appellant casualty company arose out of an automobile collision between the automobiles of and driven by appellant's assured, Mr. J. M. McIntyre, and Mr. Willie Burbank. Mrs. Julia J. Burbank, the wife of Willie Burbank, who was riding in the Burbank car at the time, was injured. Thereafter the Bur-

banks brought suit against McIntyre and final judgment was recovered in their favor in the sum of $7,000 on April 3, 1934. This judgment was not paid either by McIntyre or appellant and this action was instituted by the Burbanks against the appellant on its policy of insurance, whereby it insured McIntyre against liability imposed by law for personal injuries caused by the operation of his automobile. During the pendency of the action Willie Burbank died and Julia J. Burbank, as the administratrix of his estate, was substituted as a party plaintiff.· Plaintiff recovered judgment for $5,000 and costs, the full amount of the insurance coverage.

Upon the trial, which was before a jury, the principal facts were stipulated to in writing, the pertinent part of which is as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled action, as agreed facts in this case, that on the 4th day of August, 1931, the defendant, National Casualty Company of Detroit, Michigan, and J. M. McIntyre made and entered into a contract of insurance whereby the defendant insured the said J. M. McIntyre against public liability on a 1931 Plymouth coupe automobile for a period of one year, and the said J. M. McIntyre paid the premium as provided for in said policy.

"That thereafter on the 19th day of November, 1931, the said J. M. McIntyre was involved in an automobile accident, when his car and a car driven by Willie Burbank collided at Berenda in the County of Madera, State of California; that on the 7th day of December, 1931, a complaint was sworn to in the Justice's Court of the Second Township in the County of Madera, State of California, by Willie Burbank, charging John Doe with reckless driving, said charge growing out of said collision; that thereafter J. M. McIntyre was arrested on said complaint and on the 13th day of January, 1932, appeared before the Judge in said Justice's Court, was arraigned and entered a plea of not guilty; that on the 17th day of February, 1932, J. M. McIntyre received a letter addressed to Box 415, Coalinga, California, signed by Joe Barcroft of Barcroft & Barcroft, attorneys at law, Madera, California, advising him that the wife of Mr. W. Burbank had suffered injuries as a result of the collision on November 19, 1931, and making claim for damages.

"That on the 18th day of February, 1932, J. M. McIntyre addressed a letter to the National Casualty Company, San Francisco, advising said company that he had had an accident on the 19th day of November, 1931, near Berenda, California; that this was the first notice of said accident given by J. M. McIntyre to the National Casualty Company or any of its representatives; . . . "

The insurance policy, which was admitted in evidence, provided among other things: "The insured shall give to the company or to its authorized agent immediate written notice of any accident covered hereby . . . Failure to give any notice required to be given by this policy within the time specified shall not invalidate any claim made by the insured *if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that such notice was given as soon as reasonably possible.*" (Italics ours.) In addition to the written stipulation and policy of insurance, respondent offered other evidence not pertinent to the question here involved. The appellant offered in evidence a written agreement executed by McIntyre and appellant, whereby appellant disclaimed all liability under the insurance contract on the ground of McIntyre's failure to give notice as therein provided, but agreed to defend any suits brought by reason of the accident of November 19, 1931. The agreement further provided that its execution should not be considered as an assumption by appellant of liability by reason of the accident or of a waiver of its rights under the insurance contract. Appellant further offered the testimony of two automobile insurance adjusters to the effect that an adequate examination of the facts and circumstances of an automobile accident could not be had after a lapse of ninety days.

The one question to be decided here is: Was the delay of some ninety-one days between the happening of the accident and McIntyre's written notice to the company such a breach of the contract as would absolve it from liability? The insurance contract provided for "immediate written notice" of the accident and while under the code (sec. 2633a, Civ. Code) McIntyre had twenty days in which to give the notice required, it is stipulated that he waited from November 19, 1931, to February 18, 1932, before he gave any notice of any kind to appellant. Such a delay might

have been excusable had it been "shown not to have been reasonably possible to give such notice within the prescribed time". This was not done. There is absolutely nothing in the evidence that was submitted to the jury which explains or tends to explain this delay. It appears in that portion of the written stipulation not set out above that at the two trials of the Burbanks against McIntyre, McIntyre testified in the first "that said accident did not occur as alleged by plaintiff, but that a similar accident did occur the following day" and in the second "contended that the collision set forth in the complaint of plaintiffs never occurred". We mention the foregoing excerpts from the stipulation only because counsel for the respondents contends that McIntyre may not have known that an accident occurred and if so he would not be bound to report until that fact was made known to him. However, in the face of an express stipulation of fact "that on the 18th day of February, 1932, J. M. McIntyre addressed a letter to the National Casualty Company, San Francisco, advising said company that he had had an accident on the 19th day of November, 1931, near Berenda, California; that this was the first notice of *said accident* given by J. M. McIntyre to the National Casualty Company or any of its representatives" we cannot indulge in the presumption that he did not know of the accident either at the time of its occurrence or at any time subsequent thereto. McIntyre was not a witness in this case. If there was a valid reason for his failure to give notice as provided in the insurance contract it should have been offered. As no reason was offered it is clear that McIntyre violated the express terms of his contract of insurance.

█ It only remains to determine whether or not McIntyre's breach of his insurance contract prejudiced the rights of appellant. (*Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13 ].)

"The insurer was deprived of an opportunity to make a prompt investigation while the facts were fresh in the minds of the parties and witnesses, and before physical marks and effects of the accident had been obliterated. As to certain breaches of condition it may more readily be shown whether prejudice had resulted therefrom. But respondent" (here appellant) "argues with convincing force herein, that the lapse of time which removes the opportunity for prompt in-

vestigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations.'' (*Purefoy* v. *Pacific Auto. Indemnity Exch.*, 5 Cal. (2d) 81 [53 Pac. (2d) 155].)

The judgment is reversed.

Thompson, J., and Pullen, P. J., concurred.