[Civ. No. 11387. Second Appellate District, Division Two.—June 24, 1937.]

DISTRIBUTORS PACKING COMPANY (a Corporation), Appellant, v. PACIFIC INDEMNITY COMPANY (a Corporation), Respondent.

LAWRENCE PAPINEAU, Appellant, v. PACIFIC INDEMNITY COMPANY (a Corporation), Respondent.

Lasher B. Gallagher and J. M. Clements for Appellants.

W. I. Gilbert and Charles E. R. Fulcher for Respondent.

McCOMB, J.—The above-entitled actions to recover damages for breach of an insurance bond issued by defendant were consolidated for trial and plaintiffs appeal from judgments against them after the sustaining of defendants' objection to the introduction of any evidence on the ground that the complaints did not state a cause of action.

The questions raised by both appeals will be disposed of in this opinion.

The complaints alleged in substance that:

I.

October 18, 1931, defendant issued a public liability insurance policy, by the terms of which it agreed to indemnify plaintiff Distributors Packing Company on account of any loss arising from accidental bodily injuries for which said plaintiff might be liable.

II.

The policy heretofore mentioned contained the following provision:

Accidents, Claims and Suits

C. The Assured, upon learning of an accident, shall give prompt written notice thereof, with the fullest information obtainable at the time, to the Los Angeles Office of the Company, or to its duly authorized agent. The Assured shall give like notice, with full particulars, of any claim or suit made or brought on account of such accident and shall forward to the Company or its authorized agent all documents received relating thereto.

III.

April 28, 1932, plaintiff Papineau was injured and on April 13, 1934, recovered judgment against Distributors Packing Company, which defendant has refused to pay.

IV.

The plaintiff performed each and every provision of said policy on its part to be performed with the exception that it did not give prompt written or any notice to the defendant upon learning of the accident. Plaintiff alleges in this behalf that it did not at the time it learned of the accident

have any information with reference thereto excepting that said accident had occurred and a prompt investigation of the circumstances of the accident would have disclosed nothing to the defendant herein which was not fully and completely discovered with reference to the cause of the accident when it was reported to the defendant in writing on April 7, 1933, and a prompt investigation on or immediately or within twenty days, after the date of said accident would have disclosed that said accident had occurred as a proximate result of the failure of plaintiff herein to exercise ordinary care in inspecting said cleat before inviting said Papineau to use the same and would have disclosed that said cleat had never been inspected by plaintiff herein; and would have disclosed that Papineau had looked at the cleat before using it and all of the foregoing information was fully available to defendant at and after the time when plaintiff notified the defendant of the occurrence of said accident. Plaintiff alleges that all of the witnesses who saw the said Papineau on the premises and who knew of the circumstances leading up to and connected with said accident were available and living at all times to and including April 7, 1933, and at all times to the date hereof and none of said witnesses had forgotten any of the facts known to them and none of said persons had been approached or interviewed by the said Papineau or by any representative of Papineau or by any person interested in the welfare or claim of said Papineau until after the defendant herein was notified of said accident or until after the defendant herein had been given full and complete opportunity to itself interview said persons and each thereof and it was reasonably possible for defendant to have learned on and after April 7, 1933, all facts, favorable to plaintiff herein. Plaintiff alleges that a prompt investigation would not have disclosed any fact or made available any defense to the action so as aforesaid commenced by the said Papineau which was not available on and after April 7, 1933. Plaintiff alleges further that the defendant was not prejudiced, either substantially or at all, by reason of the failure of plaintiff to give notice of said accident within twenty days of the occurrence thereof. Plaintiff alleges that it had no knowledge of the intention of Papineau to make any claim for damages until on or about April 6, 1933, at which time it promptly caused to be sent written notice thereof by

mail to the defendant herein and defendant received said notice on April 7, 1933. The defendant thereupon made an investigation of the facts and circumstances relating to the said accident and thereafter notified plaintiff that it denied liability or any duty to plaintiff by reason of said delayed notice.

These are the only questions presented for determination:

*First: Does a complaint state a cause of action which alleges as its basis (1) breach of an indemnity bond executed by defendant, and (2) failure by plaintiff to comply with a provision of said bond, requiring prompt written notice with full information obtainable to be given by the assured upon learning of an accident, in that the default as to this provision was that no notice was given until more than eleven months had elapsed after assured learned of the accident?*

*Second: Did the failure of defendant to rescind the contract of insurance constitute a waiver of its right to rely as a defense on the failure of insured to give prompt written notice of the accident as required in the policy?*

The first question must be answered in the negative. The law is settled that, if an indemnity insurance contract contains a provision requiring the insured to give prompt notice of an accident to the insurer, and more then eleven months elapses after the accident and before the giving of such notice, such delay is a breach of the contract, prejudicial to the insurer as a matter of law, and the failure to comply with this term of the insurance policy constitutes a complete defense to any action based thereon against the insurer. (*Purefoy* v. *Pacific Auto. Indem. Exch.*, 5 Cal. (2d) 81, 88 [53 Pac. (2d) 155].)

In *Purefoy* v. *Pacific Auto. Indem. Exch., supra,* an action based on a policy similar to the one now before the court, there was a failure to give notice for three and one-half months after the accident. Mr. Justice Seawell says at page 88:

" . . . Notice given three and a half months after the accident, especially when it is considered that the notice given at that date was not from the insured, but from the injured person, who was an adverse party, was not reasonably prompt notice, and did not constitute a compliance with the policy. (Citing authorities.) . . .

"The insurer was deprived of an opportunity to make a prompt investigation while the facts were fresh in the minds of the parties and witnesses, and before physical marks and effects of the accident had been obliterated. As to certain breaches of condition it may more readily be shown whether prejudice had resulted therefrom. But respondent argues with convincing force herein, that the lapse of time which removes the opportunity for prompt investigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations."

That such a breach is prejudicial as a matter of law was the conclusion reached in *Burbank* v. *National Casualty Co.*, 15 Cal. App. (2d) 483, 484 [59 Pac. (2d) 589], wherein there was a delay of three months in giving notice to the insured.

The insurer is entitled to rely on a substantial breach of so material a condition of its policy *unless it can be deemed to have waived compliance with the condition.*

The cases relied on by plaintiffs are all factually distinguishable from the present case. For example, in *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R. 13], it was failure to comply with the cooperative clause in the policy that was under consideration by our Supreme Court and not a breach of the clause requiring notice of an accident to be given to the insured.

The second question is not properly presented for our consideration, for the reason that the law is settled that, where the plaintiff relies on a waiver of a breach of conditions of an insurance policy, such waiver must be alleged and evidence of the waiver is not admissible under an allegation of performance of the conditions of the contract. (*Purefoy* v. *Pacific Auto. Indem. Exch., supra,* 91.) In the present case there is a total absence of an allegation in the complaints that defendant waived its right to rely on the breach of the contract claimed as a defense.

The foregoing conclusions make it unnecessary for us to consider the other objections to the complaint urged by defendant.

The judgments appealed from are and each is affirmed.

Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.