30 Cal.2d 285 (1947)
Estate of FLORENCE LENORE VAN DEUSEN, Deceased. GLADYS VAN DEUSEN BRIGHT et al., Respondents,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellant.
L. A. No. 19800. 
Supreme Court of California. In Bank. 
June 24, 1947.
 William K. Young, Brady & Nossaman and Walter L. Nossaman for Appellant.
 Ben C. Cohen and Leonard Hartigan for Respondents.
 TRAYNOR, J.
 Florence Lenore Van Deusen by her will dated June 20, 1932, left the residue of her estate to American Security and Trust Company of Washington, D. C., as trustee, for the following purposes: "... to pay over the net income arising therefrom, in equal shares, unto by aforesaid daughters, Gladys Van Deusen Bright and Hazel Van Deusen Lee, during the period of their joint lives, and in case of the death of either of them, then all of said net income unto the survivor, for and during the natural life of the survivor. Upon the death of the survivor of my said daughters, this trust shall finally cease and determine, and my trustee shall thereupon transfer, assign and pay over the entire trust fund, including any undistributed income, absolutely and in fee simple, in equal shares unto those of my grandchildren who may then be living, the then surviving issue, however of any of them who may then be dead, to take, per stirpes, the same part or share the deceased ancestor would have taken if living."
 The testatrix died on April 10, 1944, and the will was admitted to probate on June 13, 1944. The named trustee declined to act, and Bank of America National Trust and Savings Association was appointed administrator-with-the- will-annexed. On March 22, 1945, the daughters of the testatrix, the life beneficiaries of the trust, filed a "Petition for *287 Directions to Trustee" with the probate court. The purpose of the petition was to have the trustee, when appointed, instructed to pay each of the life beneficiaries at least $200 a month, out of income, if that was sufficient, but if not, out of the corpus of the trust. It is alleged in the petition that the provision made by the testatrix for her daughters was intended to provide them with enough income to take care of their needs, that it was contemplated at the time the will was executed that the net income from the trust investments would be at least $400 a month, and that the testatrix intended that no less than $200 a month would be available for each daughter under the trust. It is also alleged that since the creation of the trust one of the daughters has been afflicted with a disease believed to be incurable and needs special medical care and that the other daughter must rely entirely upon the income from the trust for the necessities of life.
 On April 3, 1945, Bank of America Trust and Savings Association was appointed trustee, and by order for ratable distribution a part of the residue of the estate was distributed to the trustee. On the same day the "Petition for Directions to Trustee" was denied. The order for ratable distribution provides: "The Trustee shall pay in equal shares to Gladys Van Deusen Bright and Hazel Van Deusen Lee during the period of their joint lives, and in case of the death of either of them then to the survivor for and during the natural life of said survivor, all of the net income arising from said trust estate."
 "Upon the death of both of decedent's daughters, said trustee shall distribute the corpus of the trust estate in equal shares to the grandchildren of decedent who may then be living, or, in the event of any of said grandchildren not surviving, then his or her share shall be distributed to his or her surviving issue in equal shares and per stirpes, and thereupon this trust shall cease and terminate."
 On September 12, 1945, the probate court made its order of final distribution, distributing the balance of the residue to the trustee "in trust for the uses and purposes set forth in the Order for Ratable Distribution, dated April 3, 1945. ..." No appeal was taken from either order of distribution. Sometime after April 3, 1945 (the record does not disclose the date of the order) a new trial was granted on the "Petition for Directions to Trustee" and another hearing was held on the petition on February 14, 1946. On the basis of the record *288 at the original hearing on the petition, the court entered its order granting the petition of the life beneficiaries for directions to the trustee to pay each of them at least $200 a month, after a showing that the net income of the trust at that time was sufficient to pay each beneficiary from $100 to $125 a month only. This order was based on a finding by the probate court "that the main benefits under said trust were intended for the petitioners herein who were the primary objects of the testatrix's solicitude and that the primary purpose of the trust could not be accomplished by a strict adherence to the terms of the declaration of the trust ... and that it is the purpose of said trust that the said petitioners herein receive the sum of $200 each per month." From this order the trustee, who appeared at the hearing in opposition to the petition, appeals.
 The trustee contends that the probate court was without jurisdiction to make the order on the grounds that respondents' petition was not a proper petition under section 1120 of the Probate Code, that the new trial on the petition after the final decree of distribution constituted a collateral attack on the final decree of distribution, that the probate court was without jurisdiction to modify the trust pursuant to section 1120, and that if the probate court had jurisdiction and the matter was not conclusively determined by the final decree of distribution, the probate court erred in ordering an invasion of the corpus of the trust contrary to the express terms of the decree of distribution and of the will itself.
 Probate Code section 1120 provides: "When a trust created by will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, or settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth. Any trustee appointed by will, or appointed to execute a trust created by will, may from time to time pending the execution of his trust, or at the termination thereof, render for settlement his accounts and report his acts as such trustee before the superior court in which the will was probated. ... The trustee may also petition such court, from time to time, for instructions as to the administration of the trust. ... The *289 trustee shall cause notice of the hearing to be mailed to the beneficiaries at their last known addresses. ..."
 It has been held that a beneficiary as well as a trustee may petition the court for instructions to trustees pursuant to this section. (Estate of Marre, 18 Cal.2d 184, 186 [114 P.2d 586].) It has never been decided, however, whether the petition may be filed before the appointment of a trustee and before distribution. It is clear that the section applies only to testamentary trusts that continue after distribution, and most of its provisions expressly refer to action taken after distribution. In Estate of Smith, 4 Cal.App.2d 548, 552 [41 P.2d 565], it is stated that "the language employed in the present section of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." (Quoted with approval in Estate of Smead, 12 Cal.2d 20, 24 [82 P.2d 182].)
 [1] There is nothing in section 1120 that specifies that time for filing the petition, although it seems clear that it should not be heard and determined before the trustee is appointed and has received distribution of at least some of the corpus. (See Estate of Rey, 31 Cal.App.2d 648, 653 [88 P.2d 718].) The trustee contends that since the "trustee" is required to mail notice to the beneficiaries, the petition cannot be filed until a trustee is appointed who can carry out this direction. Since the clause providing for the petition has been held to apply to petitions filed by beneficiaries, although the statute refers only to a petition of trustees (Estate of Marre, supra), there is no reason why the petitioning beneficiaries may not satisfy the notice requirements of the statute. Although the petition was filed before the decree of distribution and before the appointment of a trustee, its prayer is for directions to the trustee that the court appoints, and it was heard after the appointment of the trustee and the order of ratable distribution, and the trustee appeared to contest the granting of the relief sought. The probate court had jurisdiction to hear the petition at that time.
 The trustee contends that the orders of distribution were final and conclusive with respect to respondents' rights under the will and that the probate court had no power to grant a pew trial on the petition thereafter. [2] With respect to *290 the construction of the will, the decree of distribution was clearly conclusive as to the rights of the beneficiaries to an invasion of the corpus. By the order for ratable distribution of April 3, 1945, incorporated in the decree of final distribution of September 12, 1945, the probate court directed that the net income be paid to respondents and that the corpus be distributed to the grandchildren of the testatrix on the death of the surviving life beneficiary. A decree of distribution is a final and conclusive construction of the will as against all interested parties, including beneficiaries of a testamentary trust. (Estate of Loring, 29 Cal.2d 423, 428 [175 P.2d 524]; Estate of Easter, 24 Cal.2d 191, 194 [148 P.2d 601]; Prob. Code, 1021; cases collected 136 A.L.R. 1180, 1185.) "The administration of a decedent's estate involves a series of separate proceedings, each of which is intended to be final ... not only as to the parties who appear therein, but also as to all persons 'interested in the estate.' ... In fact, it is undoubtedly because all such persons were to be bound by various orders and decrees entered in the course of the administration of the estate, that the Legislature expressly provided that they might appear and protect their rights in the proceedings that lead to such orders and decrees. (See Prob. Code, 361, 370, 407, 442, 522, 584, 681, 756, 810, 831, 841, 860, 921, 922, 927, 1000, 1010, 1020, 1200.)" (Estate of Loring, supra, at p. 428.)
 Among such proceedings are those for ratable distribution ( 1010) and final distribution ( 1020). Any question of construction of the will in favor of the respondents should therefore have been determined either at the time of the order for ratable distribution or the decree of final distribution.
 The life beneficiaries, however, contend that the petition was filed to obtain a modification of the trust to carry out the actual intention of the testatrix rather than to obtain a favorable construction of the will. That this is the theory on which the order was granted is shown by the probate court's finding after the new trial "that the primary purpose of the trust could not be accomplished by a strict adherence to the terms of the declaration of the trust expressed in said last Will and Testament. ..." [3a] The original order on respondents' petition was one of denial and no appeal was filed therefrom. Subsequently a new trial was granted on the petition, and the issue remains whether the probate court had jurisdiction to grant a new trial. Section 1231 of the Probate *291 Code lists the cases in which a probate court has jurisdiction to grant a new trial: "A motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury whether or not they were so tried."
 The proceeding involved in the present case was not a will contest. Nor was it a proceeding under the second category specified in section 1231. The phrase "Proceedings to determine heirship and interests in estates" refers to the special proceedings under section 1080 of the Probate Code. Under this section, "any person claiming to be an heir or entitled to distribution of any part of the estate of a decedent may file a petition in the pending probate proceedings to have the court ascertain and declare the rights of himself and all others to the estate or any interest therein." (Trout v. Ogilvie, 41 Cal.App. 167, 174 [182 P. 333].) In such proceedings, however, a petitioner is not entitled to be heard unless he claims to be an heir, and when such a claim is made, "The court acquires jurisdiction to determine, and it is made its duty to determine, not alone the heirship to said deceased but the interest of each respective claimant to his estate." (In re Blythe, 112 Cal. 689, 694 [45 P. 6].)
 The last category specified in section 1231 of the Probate Code covers "Those cases where the issues of fact, of which a new trial is sought were of such a character as to entitle the parties to have them tried by a jury. ..." [4] There is no right to demand a jury trial in a probate proceeding unless that right is granted by statute. (Estate of England, 214 Cal. 298, 300 [5 P.2d 428]; Estate of Land, 166 Cal. 538, 541 [137 P. 246].) If it is assumed therefore that the new trial was granted on an issue of fact, namely, the purpose and intention of the testatrix in executing the trust provisions of her will, the question remains whether there is a statute providing for a right to a jury trial of that issue in a proceeding pursuant to section 1120 of the Probate Code. If there is any statutory authority for a jury trial in such a case, it must be found in sections 1230 and 1233 of the Probate Code. Section 1230 provides that "All issues of fact joined in probate proceedings must be tried in conformity with the requirements of rules of practice in civil actions. The party affirming is plaintiff *292 and the one denying or avoiding is defendant." Section 1233 provides that "the provisions of Part 2 of the Code of Civil Procedure ... constitute the rules of practice in the proceedings mentioned in this code with regard to trials. ..." It was held under former sections 1713 and 1716 of the Code of Civil Procedure, on which these sections are based, that a party to a probate proceeding had a right to demand a jury trial if there is a statutory authority for the formation of issues of fact on the issue joined. (Estate of Baird, 173 Cal. 617, 620 [160 P. 1078].) This rule has been applied under the Probate Code to an issue of fact raised under Probate Code section 1020 authorizing an interested party to resist the application for a decree of distribution. (Estate of Perkins, 21 Cal.2d 561, 567 [134 P.2d 231].) Section 1120, however, makes no provision for such issues of fact and it has been held that there is no right to a jury trial and therefore no right to a new trial in proceedings thereunder to settle the accounts of a testamentary trustee. (Estate of Smead, 12 Cal.2d 20, 24 [82 P.2d 182].) Moreover, even if there were such a right to a jury trial, the analogous civil action under section 1230 would be an action by the respondents against the trustee and the remaindermen to determine the extent of their rights in the trust. Such an action in equity does not give the parties a right to a jury trial. (Cauhape v. Security Savings Bank, 127 Cal. 197, 201 [59 P.2d 589].)
 [3b] Since Probate Code section 1231 provides the only authority for the granting of new trials in probate proceedings and does not authorize the granting of a new trial in a proceeding such as the present one, the probate court lacked jurisdiction to make the order appealed from. (Diamond v. Superior Court, 189 Cal. 732, 740 [210 P. 36].)
 Even if it be assumed that the probate court had jurisdiction to grant a new trial on respondent's petition for instructions to the trustee, the order appealed from is erroneous on its merits. The theory of the order, and the only basis for granting it after the decree of distribution, was to allow a modification or deviation from the trust to carry out the purpose of the testatrix in view of changed conditions. [5] A court of equity may modify a trust on a proper showing of changed conditions occurring after the creation of a trust if the rights of all the beneficiaries may be protected. (Whittingham v. California Trust Co., 214 Cal. 128, 134 [4 P.2d 142]; Adams v. Cook, 15 Cal.2d 352, 358 [101 P.2d 484]; Moxley v. Title Insurance & Trust Co., 27 Cal.2d 457, 466-467 *293 [165 P.2d 15]; see Rest. Trusts, 167, 168; Scott on Trusts, 167, 168.) [6] If it is assumed that a probate court has the same power under section 1120, the order appealed from is nevertheless erroneous, since it provides for an invasion of the corpus of the trust contrary to the express provisions of the decree of distribution without any attempt to protect the interests of the residuary beneficiaries in that corpus.
 The only interest given respondents in either the will or the decree of distribution is the net income from the corpus. The grandchildren of the testatrix, children of the respondents, are entitled to distribution of the corpus on the death of the surviving respondent. To allow an invasion of the corpus without the consent of the residuary beneficiaries contrary to the provisions of the trust instrument is to take property from one without his consent and give it to another. (See 3 (pt. 1) Bogert, Trusts and Trustees, 504.) As stated in the Restatement of Trusts ( 168, comment d.) "The court will not permit or direct the application of the principal to the support or education of one beneficiary where by the terms of the trust income only is to be so applied, if the result would be to deprive another beneficiary of property to which he is or may become entitled by the terms of the trust, whether the interest of such other beneficiary is vested or contingent, or unless such other beneficiary consents to such application." (See, also, Hughes v. Federal Trust Co., 119 N.J.Eq. 502, 504 [183 A. 299]; Scott on Trusts, 168.)
 In Whittingham v. California Trust Co., 214 Cal. 128, 134 [4 P.2d 142], the claimant, a beneficiary of a testamentary trust, was the only person interested in the estate. It was held that a court of equity could modify the trust to allow distribution of part of the corpus to the beneficiary on a proper showing of the beneficiaries' need therefor and of changed circumstances occurring since the execution of the will. In the present case, the respondent life beneficiaries are not the only persons interested in the trust, and the rights of the residuary beneficiaries must be protected. The respondents contend, however, that the probate court did not have to protect the interests of the residuary beneficiaries, and that the trustee had no right to attempt to do so, since the living residuary beneficiaries were all served with notice of the filing of the petition and two of them, who appeared through counsel, stated that they had no objection to increasing the payments to $150. This can hardly be considered *294 consent by all the residuary beneficiaries to an invasion of the corpus of the trust to provide each of the life beneficiaries with at least $200 a month.
 Moreover, in Estate of Markham, 28 Cal.2d 69, 74 [168 P.2d 669], it was held by this court that where the trust instrument provides for payments to a life beneficiary out of net income, there may be no invasion of the corpus or of accumulated income "in the absence of a clear expression to the contrary in the trust instrument." The respondents contend that the rule of the Markham case is confined to a situation where there is a fully expressed plan or purpose set forth in the trust instrument and that in the present case there was no plan or purpose shown by the will itself. Even if this limitation of the rule might be applied in a proper case, respondents have failed to show by parol evidence or otherwise that the testatrix clearly intended an invasion of the corpus, if necessary, to provide each of the daughters with an income of $200 a month.
 [7] The conditions as to the health and need of the respondents were stipulated to by the trustee at the hearing. The only other evidence of changed conditions after the execution of the will in 1932 is that the income from the securities that were distributed as the corpus of the trust decreased sometime between 1932 and the date of the original hearing on the petition. The evidence introduced by respondents consisted only of the testimony of the husband of one of the life beneficiaries that he was the financial adviser of the testatrix, that at the time of the execution of the will in 1932, the testatrix received $400 a month income from the securities in question; that at that time she told the witness that she expected that her daughters would receive a similar income therefrom under the trust. The witness also testified that in 1943, the testatrix stated in a letter that "I will arrange it so that it will be used to the advantage of Gladys and Hazel [the respondents], no others." (Italics added.) He also testified that the testatrix did made a statement "with respect to seeing that her children were not impoverished as a result of illness or any unforeseen contingencies." (Italics added.) This evidence, whether admissible or not, shows only that in 1932 the testatrix expected the income from her securities to remain at approximately $400 a month after her death and that in 1943 she contemplated changing her will to provide solely for her daughters. Nevertheless the will admitted to probate provided for her *295 grandchildren as well as her daughters. She died without changing her will and the court did not have power to remake the will on the basis of the fact that at one time some eleven years after making the will she had an intention, which she failed to act upon, to change her will.
 Sympathy for the needs of the respondents does not empower the court to deprive the residuary beneficiaries of their interests in the corpus of the trust without their consent, nor does it enable the court to construe the nontestamentary declarations of the testatrix into an expression of her plan or purpose in providing for the trust some eleven years previous thereto. If the courts could increase the payments under testamentary trusts without the consent of all the beneficiaries merely because the income therefrom is not what it was at the time the will was executed and because at one time or another the testator expressed the desire to provide adequately for the beneficiaries, there would be no stability to any testamentary trust in this state.
 The order is reversed.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.